## Howard *vs.* Wadsworth & al.

In the conveyance of a mill-site, falls, and privileges, &c. "exclusive of the grist
"mill now on said falls, with the right of maintaining the same," this reservation
secures to the grantor no title to the soil, but only a right to the use of the mill
then standing, so long as it is kept in repair.

THIS was a writ of entry on the seisin of the demandant,
brought to recover possession of " a certain grist mill, with the
" privileges and appurtenances thereof, standing on a mill-priv-
"ilege" in *Brownfield*.

Both parties claimed under *Samuel* and *Thomas Howard*, who,
in 1807, conveyed to the tenants " one undivided half of a cer-
"tain mill lot lying in *Brownfield*, beginning at a bridge on ten
" mile brook, containing all the falls, with the privilege of flow-
"ing the pond for the benefit of the mills on said falls," &c.
" together with one undivided half of the dam, saw-mill, and slip,
" with all the privileges and appurtenances thereunto belonging.
" But *exclusive of the grist mill now on said falls, with the right of*
"*maintaining the same, and also the dwelling house and sheds now on*
" *the premises.*"   The same grantors afterwards conveyed the
residue of their interest in the premises to the demandant ; who,
in 1816, conveyed to the tenants the other undivided half of the
estate which they purchased by the deed of 1807, by the same
description, and with the same exceptions.

At the time of the first conveyance there was a saw-mill standing on the premises, within which, and under the same roof, was the grist mill mentioned in the deeds, having a separate water wheel and floom ; which continued in the occupation of *Samuel Howard*, one of the original grantors, till *October* 1818 ; when the tenants took it down, and built a new saw mill on the same site ; *Samuel Howard* assisting in the taking down, and taking into his own custody the gearing and other materials pertaining to the grist mill.

The Chief Justice, before whom the cause was tried, directed a nonsuit, by consent of the parties, subject to the opinion of the Court upon the question whether this evidence, was sufficient to maintain the action.

*Dana*, for the demandant, contended that by the reservation in the deeds a fee simple remained to the demandant, in the grist mill and the land on which it stood. By the deeds it is apparent that something beneficial was intended to be reserved to the grantor ; but as the reservation is not limited, nor any lesser estate described, it must be taken to be a fee simple ; otherwise it would be useless. For if it is restricted to the occupancy of the mill then standing, it would be in the power of the tenants to destroy its identity, and thus terminate the estate, at their pleasure. This construction is fortified by the language of the reservation, which gives the grantor the "right of maintaining" the grist mill ; which must be understood to mean the right of continuing it at his pleasure forever. And this language not being applied to the other buildings on the land, it is manifest that a different estate was intended.

*Greenleaf*, for the tenants. By the grant of all the falls, the grist mill would have passed, if not specially excepted. The exception is to be taken most strongly against the party introducing it. *Shep. Touchst.* 75, *note* 2, 10 *Co.* 106 *b.* And it does not include the land. The grant of a mill conveys only the waters, flood-gates, and gearing, necessary to work it ; *Shep. Touchst.* 86, 87 ; and the exception of the mill can include nothing more. Moreover, it was the grist mill then standing, which was reserved. If the tenants took it down while it was useful

to the demandant, his remedy should have been sought by action on the case.

MELLEN C. J. delivered the opinion of the Court, at the adjournment of the following *November* term in *Cumberland.*

By the report it appears that *Samuel* and *Thomas Howard* were in *Oct.* 1807, owners of the whole of the mill privilege, mills, mill-dams and privileges therein mentioned ; that *Oct.* 8, 1807, they conveyed to the tenants one undivided half part of the same in fee simple, " but exclusive of the grist mill now on said falls, " with the right of maintaining the same, and also the dwelling- " house and sheds now on the premises ;"—that *Nov.* 27, 1807, the same grantors conveyed to the demandant in fee " a certain " mill privilege of the ten mile brook in *Brownfield,* with the " mills thereon, &c. except such part of said privilege as we " have lately sold to *Peleg* and *Charles Wadsworth* ;"—and that *Oct.* 7, 1816, the demandant conveyed to the tenants in fee the other undivided half of the same lot mentioned in the deed of said *Samuel* and *Thomas Howard* of *October* 8, 1807, and with the same exceptions. The claim of the demandant in this action is founded on the exception in the deed last mentioned ; and the question to be decided is, what is the true construction of that clause in the deed. According to a well known rule of law, as an exception operates by way of a restriction upon the general language of a grant, if it is in ambiguous language, it must not be enlarged by construction ; but rather be construed strictly. The demandant contends that by the exception, the grist mill therein named, and the land on which it stood, and its appurtenances, remained in the grantors ; and that the fee thereof never passed by the deed to the tenants. The tenants contend that nothing was embraced in or intended by the exception, other than the mill and the right of maintaining it so long as it should stand on the premises ; and the dwelling house and sheds standing thereon. Upon a careful examination of the language of this deed, we are all satisfied that the tenants' construction is the true one. The exception relates to the mill, house and sheds, then standing on the premises ; the grantors repeat the word " now" twice, in des-

cribing what is excepted.    Besides, there is a material variance
between the language of the grant and of the exception.    The
grant describes the mill, privilege, &c.; but the exception is silent
as to privileges and appurtenances; and refers only to the mill
itself.    Again, if the land on which the mill stood was intended
to be conveyed, why should there have been a grant of a right to
maintain the mill on the same ?    Has not any man a right to erect
or maintain a mill on his own land, without a special authority
from his grantor so to do ?    A grantor may annex conditions to his
grant ;  but it is certainly unusual, to say no more, for him to add
to the language of his conveyance,  permission to the grantee to
go on and manage and improve his land by building houses and
mills.    All this he can do without such permission.    The excep-
tion must not be extended beyond the plain language of it.    Now
it appears by the report that the mill described in the deeds was
taken down, and had ceased to exist before the commencement
of this action ; and of course, so far as the exception related to
the grist mill, it has had its effect and ceased to operate.    As to
the house and sheds, we have no connection with them in this
action.    If the tenants have done the demandant an injury by tak-
ing down the old grist mill, and thus destroying, so far, the benefits
of the exception, he may maintain an action for damages ; but on
the facts before us, we are all of opinion that the nonsuit was
proper and must be confirmed.