Sanborn *v.* Hoyt.

PETER F. SANBORN & *al. versus* ELIPHALET HOYT & *al.*

If a conveyance is made of a tract of land, described by metes and bounds, containing fifty acres, having at the time a house, barn and shed thereon, but having no particular portion of the land designated by occupation or otherwise with the buildings, and these words are in the habendum of the deed — " excepting and reserving all the buildings on said premises" — the whole land, including that under the buildings, passes to the grantee, and the grantor retains the buildings as personal property.

CASE against the defendants for encumbering the land of the plaintiffs with their buildings, and for not removing the same. At the trial, before REDINGTON, District Judge, it appeared that the defendants had conveyed to the plaintiffs a tract of land containing about forty-seven acres, describing it by metes and bounds, " excepting and reserving all the buildings on said premises." The buildings upon the land were a dwellinghouse, barn and shed. The defendants removed the barn. On Nov. 23, 1842, the plaintiffs notified the defendants to remove the other buildings. They neglected to remove them, and on Dec. 29, 1842, this action was commenced. The presiding Judge instructed the jury, that the whole land described in the deed, including that under the buildings, passed to the plaintiffs, and that the buildings became the personal property of the defendants. During the trial the Judge had ruled, that parol evidence was inadmissible to show what the parties really intended when the deed was made; but afterwards, with the design to save the necessity of another trial, if his ruling was wrong, permitted the parties respectively, to introduce the testimony of witnesses, to show whether, separate from the deed, the defendants, when they made it, did except the buildings, without excepting the land. The jury returned an affirmative answer. The verdict was for the plaintiffs, and the damages were assessed at twelve cents. The defendants filed exceptions.

*N. Weston* argued for the defendants, contending that the land under the buildings was reserved. 1 Co. Lit. 4 (b) ; 6 Greenl. 154 and 436 ; 3 Mason, 280.

But if this was not the true construction, we are under no necessity to remove the buildings. We have the right to occupy them there, while they stand. 16 Pick. 231.

The parol evidence was clearly inadmissible.

*Wells* and *Morrill,* for the plaintiffs, insisted that the construction put upon the deed by the Judge was correct. The whole land became the property of the plaintiffs, the buildings were the personal estate of the defendants; they had no right to have them remain upon the land; and they were bound to remove them within a reasonable time. As the jury have found, that this was not done, the action is supported.

The opinion of the Court was drawn up by

SHEPLEY J. — The only exception insisted upon in the argument for the defendants is, that by the reservation or exception in their deed of conveyance to the plaintiffs the land, upon which the buildings stood, was also excepted. At the time of the conveyance there were standing upon a tract of land, containing about forty-seven acres, a dwellinghouse, barn, and shed. That tract of land was conveyed by metes and bounds. It does not appear, that there was at the time, any lot, parcel of land, or curtilage, designated by occupation in connexion with the buildings. In the habendum of the deed are these words, "excepting and reserving all the buildings on said premises." By the grant of a messuage, house, mill, or store, the land, on which it stands, may pass. And an exception in a deed may have the same construction. In such cases the intention of the parties may usually be ascertained from the language, considered in connexion with the state of facts at the time. Thus if one were to grant his house or store, without explanatory words, situated upon a small lot used with it, the lot might well be considered as intended to be conveyed. And the grant of a dwellinghouse upon a farm might convey a small lot of land, fenced from the farm, or otherwise clearly designated and used with the house. It is not always true, that there is a lot so designated and used particularly in connexion with the buildings standing upon a farm,

or other considerable tract of land. Such a designation would seem to be necessary, that some certain lot might be conveyed, to admit of a construction, that land was intended to be conveyed by the conveyance of a house.

The reservation in this deed is not of a house, barn and shed; but of " the buildings on said premises." Suppose the owner of a small lot should convey the lot, reserving the buildings on said premises, or should ' convey the buildings on the lot without other words, could there be a doubt respecting the intention? If the lot be a large one without any evidence, that there was at the time any designation of a particular part of it as used with the buildings, it is not perceived, that there could have been an intention to reserve or except any land by " excepting and reserving the buildings on said premises."

The defendants do not appear to have been injured by the admission of the illegal testimony to explain by parol the agreements of the parties at the time.

*Exceptions overruled.*