The opinion of the Court was delivered by
Withers, J.
In a conveyance of a tract of land, represented to contain four hundred and ten acres, by the plaintiff to the defendant, the following words appear, to wit: “ this “ release being executed with the following express reserva- “ tions and exceptions, to wit: 1. That all timber growing “ on said land, suitable to be sawed into lumber, or necessary “for sawing purposes, be reserved to me, the said William *317 "Knotts. 2. That permanent roads, not passing through cul- " tivated fields, for the purpose of ingress and egress to and “from said timber, be reserved to me, the said William “ Knotts.” Other reservations were made touching the right of Knotts to throw back the ponded water of Little Bull Swamp upon any part of the premises conveyed, free from liability for damages.
In November, 1855, and September, 1856, the defendant desired the plaintiff to remove the timber from certain parcels of the land which he designed to reduce to cultivation. In the spring of 1856, and the spring of 1857, the defendant girdled the trees on those respective parcels of laud, and this destroyed their value as timber fit for sawing • for which damage this action was brought.
The plaintiff has recovered a verdict for damages; and it is urged on this appeal, that the case presented an instance of damnum absque injuria, and that' the defendant ought to have a new trial.
1. Because, that notice of intention to clear the land at such period as gave reasonable time for the defendant to remove the timber and his neglect to do so, made him the author of his own loss, which was overruled; and 2. That evidence of usage; in such cases, was admissible, and was rejected. The grounds condensed amount to those propositions.
No doubt, the reservation of the timber is what, strictly, is an “ exception,” in the language of law writers, not a " reservation,” since it is what was part of the realty, and would' have passed from the grantor but for the exception. That exception left the subject-matter excepted still vested in him. Now growing trees are part and parcel of land; in legal signification, they are of the realty; and if such part of it never passed out of the grantor, he certainly remained vested with that part of the realty. If the matter excepted, or sold to a stranger to the fee, be the annual product of *318 planting and tillage, and therefore, emblements that go to the executor and not the heir; if it be perishable -and for that reason require removal at a time obviously ascertainable ; if it be an annual crop, growing to maturity and soon to be in that condition; in such, and the like cases, many adjudications, American and English, teach that such subject matter . of contract would rank as personalty; that the 17th, not the 4th section of the Statute of Frauds would apply to it; and then we should have some test of the time when, in the contemplation of parties to a contract touching such matter, the removal was to be made. That what would go to the executor, what would be emblements, what (in England) could be levied upon by fi. fa., and perhaps it may be added what a tenant could remove as not part of the soil, shall be ranked as chattels, is a position strongly supported by authority, and sufficient reference to leading cases, on that head, is made by Mr. Greenleaf, in 1 vol. of Evidence, sec. 271, and notes. But, we do not doubt, after consulting authorities, earlier and later, that the growing timber reserved in the present instance, cannot rank as personalty, nor a contract concerning such interest, evade the 4th sec. Stat. of Frauds.
Although the argument in behalf of the motion seems to concede, that if the interest was one of personalty the plaintiff was bound to remove the trees, and otherwise not so bound, under the notice given to him to do so, and although we are satisfied, that the plaintiff’s interest was not one in personalty; yet that may not be a conclusive test upon our precise question. For if a period of time be prescribed, or is proper to be inferred, the duty to remove would be irrespective of the description of interest.
In Touchstone, 100, it is said, “If one grant lands in fee, excepting the trees, or any other thing, to the grantor, without saying ‘ and to his heirs;’ by this exception, the thing excepted is'severed only for the life of the grantor, and then it shall pass with the rest of the things granted.”
*319 The reservation of growing timber and. of permanent roads through uncultivated lands, in order to procure it for the purpose of supplying a saw mill, indicate a continuing interest, the endurance whereof, is not limited by any terms used in the deed. An interest in the soil necessary to nourish such timber growing in it, indicates the same thing; and such incident attends such exception as we find in this case according to Whistler vs. Pastow, Cro. Jac. 487, and many cases that have followed it, vide our own case of Clark vs. Way, 11 Rich. 624. An exception is to be construed as a grant is; and no doubt the intention of the parties to either is the main key to open the meaning. That intention is to be ascertained by words if unambiguous, and those now under consideration are not ambiguous.
What may be the peculiar circumstances of the case cited from 24 Maine Rep. 118, cannot at present be ascertained, for the volume is out of its proper place. It is said to have been the exception of a house, which was regarded personalty. If it appeared that it was immediately to be removed, that might warrant the conclusion. But in 21 Pick., p. 25, the exception was of a brick factory, and it was adjudged that the grantor’s title to the land on which the building stood, and the water privilege appurtenant thereto, did not pass by the deed. Vide Liford’s case, for much learning upon the subject generally, 11 Coke, 46.
At page 122, 13 Maine Rep. is the case of Howard vs. Lincoln. Howard, in a conveyance of land to Smith, excepted "all the pine timber on said land, above the size of ten inches in diameter’ twenty feet from the stump.” And he sold a right to cut the trees to another for three years. That term had expired; and the action was brought ten years after the exception. It was urged there, as it is here, a reasonable time had elapsed, and the plaintiff had ceased to have any rights. But the Court held otherwise, and affirmed that *320 tbe grantor continued to be vested with right to the trees excepted, while they remained, with the right to so much of the soil as was necessary to sustain them.
Such authority and reasoning as have been exhibited appear to be decisive of this case. We shall not say that nothing but the death of the plaintiff can extinguish his right; we need not adjudge that: various circumstances may possibly fix a terminus to such a right as this: for example, if it should appear, that such an exception as we are considering was manifestly designed to be made an appurtenance to an existing structure for a particular purpose to be accomplished by that structure, and the same be destroyed and utterly abandoned, we shall not say that the exception may not thereby become functus officio, and rights secured by it determined. We are persuaded, however, that when this action was brought, the plaintiff’s right as an interest in the soil existed in full force; that he could not be restricted in the exercise of it to the time limited by the defendant’s notice, and by bis will. If his convenience be thwarted and his interests affected as a tiller of the soil, by the interest therein which he has allowed his grantor to retain, a Court can only say to him, “ you have entered into the covenant and must abide its operation.”
It is unnecessary to discuss the question of evidence. No custom or usage can serve to interpret a deed fully capable of exposition by its own terms.
The motion is dismissed;
O’Neall, Wardlaw, Whitner, Glover, and Munro, JJ., concurred.

Motion dismissed.