THE GREEN BAY AND MISSISSIPPI CANAL COMPANY, Appel- lant, vs. HEWITT and others, Respondents.

*September 1 — September 21, 1886.*

*Deed: Exception: Construction.*

1. An *exception* in a grant of land should be construed strictly against the grantor.
2. An exception is none the less an exception because in the form and terms of a *reservation*.
3. The owner of land granted an undivided half thereof, "excepting and reserving" all buildings and improvements, including a saw- mill. At the time of the grant a change in the condition and use of the premises was contemplated by the parties, which, when made, necessitated the abandonment of such buildings and im- provements. *Held*, that the exception did not include any land or right to land, except the right to leave the buildings standing thereon.

APPEAL from the Circuit Court for *Outagamie* County. Ejectment. The cause was tried by the court without a jury. The facts are stated in the opinion.

*Moses Hooper*, for the appellant, contended that the lan- guage of the exception or reservation should receive the same construction as if used in a grant. *French v. Carhart*, 1 N. Y. 96, 103; Shep. Touch. 100; *Dand v. Kingscote*, 6 Mees. & W. 197. As to what that construction should be,

see *Van Horn v. Richardson*, 24 Wis. 248; 3 Washb. on Real Prop. 623; *Miller v. Mann*, 55 Vt. 478; *Blake v. Clark*, 6 Me. 439; *Maddox v. Goddard*, 15 id. 224; *Moore v. Fletcher*, 16 id. 64, 65; *Whitney v. Olney*, 3 Mason, 280; *Forbush v. Lombard*, 13 Met. 114; *Johnson v. Rayner*, 6 Gray, 110; *Scanlan v. Geddes*, 112 Mass. 15; *Royers v. Snow*, 118 id. 118; *Armfield v. Walker*, 5 Ired. Law, 580; *Gibson v. Brockway*, 8 N. H. 471; *Winchester v. Hees*, 35 id. 47; *Davis v. Handy*, 37 id. 71; *Sparks v. Hess*, 15 Cal. 195; *Cocheco Mfg. Co. v. Whittier*, 10 N. H. 305; *New Ipswich W. L. Factory v. Batchelder*, 3 id. 190; *Crosby v. Bradbury*, 20 Me. 61; *Rackley v. Sprague*, 17 id. 281; *Jordan v. Otis*, 38 id. 429; Shep. Touch. 94.

*David S. Ordway*, for the respondents.

ORTON, J.   The facts are briefly as follows:   George W. Lawe was the sole owner of an irregular tract of land lying on the northwest side of Fox river, south of the village of Kaukauna, and including the canal and lock subsequently constructed, containing about nine or ten acres.   He occupied the tract for a dwelling, with a barn and outhouse, and an orchard and garden; and a fence inclosed nearly the whole tract, leaving out a road passing around the south side, and leading to and beyond a saw-mill.   On the south side there was a wing-dam leading southeasterly from the river, which brought the water to said mill near the middle of the tract on the south side.   This mill was run by Lawe, to saw logs, mostly stored in said wing-dam, and the lumber was piled on a mill-yard and along said road.   The capacity of the mill was from 1,000 to 3,000 feet per day, or about 100,000 feet in one year, and it was operated only in the spring months when the water was high.   This was the situation of the premises, December 12, 1851.   The canal had not yet been excavated along the north side of the tract, but it had been projected, and Morgan L. Martin

was the contractor, and had control of the work. At the above date Lawe deeded to Martin the one undivided half of said tract of land, by the following description: "The one undivided half of the following described piece or parcel of land, being that part of private claim number one lying on the easterly side of the canal, now owned and occupied by the said George W. Lawe and Catherine A. Lawe, *excepting and reserving to the said parties of the first part all buildings and improvements, the saw-mill and the improvements connected therewith."* The consideration of this deed was one dollar, and a bond of Martin in the penal sum of $10,000, conditioned that he would construct and finish the canal across the land of Lawe according to his contract with the state, of suitable dimensions, not less than 100 feet in width, to use the surplus water, not required for navigation, for hydraulic purposes, and construct in the lower embankment of said canal a sufficient number of bulk-heads to make use of said surplus water for hydraulic purposes, and indemnify Lawe against any claim that the state may set up in consequence of such surplus water being used by Lawe, or by any one claiming under him. The defendants hold under this deed, and the plaintiff company holds under the reserved title of Lawe. Soon after this deed was made, the canal was completed across the north side of this whole tract, with bulk-heads suitable for the use of the water from the canal for hydraulic purposes, adjacent to the remaining tract, which was laid off into lots 100 feet wide, extending to the canal on the north, and to the river on the south, and the controversy now is over the undivided half of these lots.

When the canal was completed, these lots became wet and marshy, and the ground was unfit for residence, and in a short time all the buildings and improvements thereon were abandoned, and have decayed away, and finally, before this action was commenced, the mill was also aban-

doned, and the mere frame-work only remains, and the road was long since thrown up. Leases have been made by the state or canal company to the holders of the respective titles under Lawe and Martin, of the hydraulic power available on this tract, and the bond of Martin was discharged. The defendants took possession of the whole tract, and the plaintiff company brought this action in ejectment against them, claiming to own, under and by virtue of the above exception or reservation in the Lawe deed, all the land necessary for the use of and appurtenant to said "buildings and improvements, the saw-mill and improvements connected therewith," in addition to an undivided half of the remainder.

The legal conclusion of the circuit court from the facts was, in brief, that the parties each owned an undivided half of the tract or lots, irrespective of said buildings and improvements, and the mill and improvements connected therewith, and that the exception or reservation in said deed included only such "buildings, and improvements in the nature of buildings and of a personal property character, and not any land, or right in land, except the right to leave the buildings remaining on the land while the same lasted, or until sold or disposed of or removed by Lawe and wife and their vendees." This involves the only question in the case. The plaintiff company appeals from the judgment based upon this legal conclusion.

We think this conclusion was correct, (1) because such is the proper construction of the language of the exception or reservation; and (2) because, treating such language as involving an ambiguity, the situation of the premises and the circumstances attending the execution of the deed show most conclusively that such was the intention of the parties to it. The general rule in all grants undoubtedly is that, when a mill or other building is granted, the soil on which it stands, and adjacent thereto, and necessary for its use,

and actually used with it, passes to the grantee. *Van Horn v. Richardson*, 24 Wis. 245, and the numerous cases cited by the learned counsel of the appellant. But, in a limited sense, the soil would pass, at least for a time, necessary for the use and enjoyment of the buildings granted, even though such grant of the soil was not in fee, and nothing but the buildings absolutely granted. The buildings can be used so long as they exist on the land, and the right to use the land connected therewith is granted. *Cuicunque aliquis quid concedit, concedere videtur et id sine quo res ipsa esse non potuit. Liford's Case*, 11 Rep. 52; Broom's Leg. Max. 362. This maxim is sometimes construed to carry the land itself. But it is a matter of construction, and not an arbitrary rule. When the land is not mentioned in the grant, then it must pass, if at all, by force of the above maxim; and the question is a nice one whether it will pass for the temporary use of the buildings or in fee. And where, by the terms of the grant, it is uncertain which is intended, and the point is left doubtful, it should be construed most favorably to the grantee. 3 Washb. Real Prop. 628. If there is a reservation in the deed, it being in effect a grant by the grantee, it should be construed most favorably to the original grantor, by the same rule.

That which is called in this deed an exception or reservation is most clearly an exception, for it is a part of the thing included in the grant, to be taken out of it, and the part so taken out is *in esse*. All the buildings named are a part of the freehold, and, if reserved to the grantor, such reservation is an exception. The exception, therefore, if of doubtful construction in respect to whether any part of the land in fee is excepted with the buildings, must, by the same rule, be construed in favor of the grantee, and against the grantor, who has granted the whole estate and sets up the exception against it. An exception is none the less an exception because in the form and terms of a reservation.

A reservation is something *in futuro* in respect to the use of the land, as an easement or the like.    These are familiar principles.    3 Washb. Real Prop. 640.

There is another thing to be considered in construing the language of this exception.    The grant makes the grantor and grantee tenants in common.    Without the exception, the grantor would be entitled to one half of the buildings and improvements and the undivided use thereof.    An exception operates only on one undivided half of the buildings in such a case, for the grantor retains that interest without an exception.    In such a case, the only reason of such an exception would seem to be that the grantor, while enjoying in common with the grantee the joint estate in the lands, should have the exclusive use of the buildings while they were in existence.

· This distinction seems to have been made in *Howard v. Wadsworth*, 3 Me. 471, where there was a grant of one undivided half of a certain mill lot, dam, saw-mill, and slip, with the privilege of flowing, etc.·    The exception was of " the grist-mill now on said falls, with the right of maintaining the same, and also the dwelling-house and sheds now on the premises."    This case is especially in point. The court says in that case:    " According to a well-known rule of law, as an exception operates by way of restriction upon the general language of a grant, if it is in ambiguous language it must not be enlarged by construction, but rather be construed strictly. . . .    The exception must not be extended beyond the plain language of it."    The buildings in that case, as in this, having been destroyed, it was held that the right of the grantor therein, or in the soil on which they stood, was at an end.

An exception is not construed as a grant in any case, and much less in a case like this, where the parties become tenants in common by the deed, having an equal right of control over the whole premises, unless limited by such an

exception. In this case the premises excepted, if any land is excepted, are not described, are uncertain, and cannot be made certain. The buildings are scattered some distance apart; a fence incloses most of the premises, including an orchard and garden; and just where such fence ran, and how much of the premises it inclosed, is uncertain.

In another case, very much in point, of *Sanborn v. Hoyt*, 24 Me. 118, where the language was, "excepting and reserving all the buildings on said premises," it is given as a reason for restricting the exception to the buildings alone, "that the tract of land was conveyed by metes and bounds. It does not appear that there was at the time *any lot, parcel of land, or curtilage designated by occupation in connection with the buildings.*"

Suppose it should turn out that the improvements (and a fence would seem to be an improvement in connection with a house, barn, and outhouse, and an orchard and garden) covered the whole tract. Then, of course, the exception would defeat the grant by such a construction. How much land shall go with buildings and improvements, and mill and improvements? Where shall the lines and boundaries be placed? Who can tell? This uncertainty of description would defeat a grant, even. If the estate cannot be ascertained by the description of the grant, the deed fails altogether. 3 Washb. Real Prop. 629; *Peck v. Mallams,* 10 N. Y. 530; *Deery v. Cray,* 10 Wall. 270. This grant is made with hereditaments, appurtenances, reversions, and remainders, rents, issues, and profits, right, title, and interest, claim or demand, of and to the above-bargained premises of the grantor, without any exception of any of the land.

There are authorities, perhaps, in cases of grants, that hold a different doctrine where the language may be similar; but they all differ from this case in the above particulars. But if, in just such a case as this, authorities could be found to hold that the exception was of a part of the land,

we should choose to follow the more reasonable rule in the above cases. *First*, then the language of the exception should be construed so that nothing but the buildings them-selves were reserved.

*Second*, if this exception is to be construed in the light of surrounding circumstances and the situation of the premises when the deed was made, then we think the intention of the parties very clear that the buildings and mill were ex-cepted only for use during their existence, and that no land in fee was excepted with them. · The deed is to be construed with reference to the actual rightful state of the property at the time of its execution. *Contemporanea expositio est optima et fortissima in lege.* The canal was just about being excavated through the tract on the upper side, which, when filled with water, would cause all the tract to become wet, and unfit for occupancy, or for houses and barns, or-chards and gardens. It was known that these were to be very temporary. The mill was a small one, and the power feeble, and which had been improvised by a rude wing-dam into the river, and the mill itself stood within the margin of the river. As soon as the canal was finished through the tract, soon after the deed was made, a series of water powers of fifteen feet head were opened all along the north-west margin of the tract, which made the old mill of very little value, and superseded its availability. Morgan L. Martin had control of the hydraulic facilities of the canal, and the main consideration of the deed was that he should place bulk-heads along this tract throughout. If there was to be an exception of a considerable part of the tract to Lawe, then Martin would not have felt interested in making such bulk-heads along the entire tract, and binding himself to do so as the consideration of his purchase of an undivided half of the whole tract. These facts and circumstances most clearly indicate the intention of the parties that the exception should be limited to the buildings and mill alone,

and that they should be only temporarily used by Lawe, and that upon the completion of the canal they would be abandoned as worthless.

We are satisfied that the circuit court placed the proper construction upon the deed.

*By the Court.*— The judgment of the circuit court is affirmed.

See *Elliot v. Small*, 25 Am. Law Reg. 714, 716.— REP.

