## CONNOR ET AL. *v.* ANDERSON.

[No. 15,566. Filed May 25, 1937. Rehearing denied November 3, 1937. Transfer denied February 15, 1938.]

*Fred A. Heuring* and *J. Leslie Stuteville,* for appellants.

*L. N. Savage,* for appellee.

CURTIS, J.—This is an appeal from a judgment ren-

dered in the Spencer Circuit Court in an action begun by Thomas Anderson seeking to quiet his title to certain lands described in his complaint. The appellants filed a cross-complaint seeking to quiet their title to all the coal, oil, and other minerals in and upon the same tract of land. From a judgment quieting the title to the whole of said real estate in the appellee the appellants appeal. The complaint and cross-complaint were each answered by general denial.

The issues thus made were submitted to the court for trial resulting in a finding and judgment quieting the title to the real estate described in the complaint and cross-complaint in the appellee and against the appellants on their cross-complaint.

The appellants filed a motion for a new trial which was overruled and this appeal followed. The error assigned and relied upon is the ruling on said motion. The causes or grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There was no oral testimony offered in the cause. The following stipulation was entered into between the parties:

> "It is now stipulated in open court by the plaintiff and defendants, that the plaintiff is the present holder and owner of the title conveyed by Frederick Connor to Elizabeth Lewis in the deed filed as Plaintiff's Exhibit Number (1), and that the plaintiff and his immediate grantees have continuously been in possession of the whole of the real estate described in the plaintiff's complaint uninterruptedly as adverse claimants since the 26th of November, 1866.
>
> "And it is further stipulated by the plaintiff and the defendants and cross-complainants that the cross-complainants are the sole and only heirs of Frederick Connor, deceased, and the owners of any interest in the said land which may have come to them by descent from their ancestor, Frederick Connor."

In addition to the above stipulation the deed from Frederick Connor to Jasper Lewis was introduced and read in evidence. Omitting formal parts, such as acknowledgement, recording, and entry for taxation, the deed is as follows:

"Frederick Connor conveys and warrants to Elizabeth Lewis, wife of Jasper Lewis for the consideration of four hundred dollars, the following real estate in Spencer County, Indiana, to wit: The South East quarter of the North East quarter of Section eleven in Township Six South, of Range four West, the said Frederick Connor hereby reserving to himself, his heirs and assigns, one acre of the said tract of land, together with the sole and exclusive right to mine for coal, oil, and other minerals, in, and upon said tract of land, together with right of ways necessary for the convenient and proper working of any mine or mines he may open in, and upon said tract of land, provided, he shall work as near the one acre herein reserved, as he shall be able to make an entry into said mines, and shall not make more than one entry upon the lands not reserved in this deed, except it may become necessary for ventilation in which case he reserves the right to sink one well or shaft down to the coal, in such place as shall be deemed most proper for the purpose of such ventilation.

"In witness whereof the said Frederick Connor hereto sets his hand and seal this 26th day of November, 1866.

FREDERICK CONNOR. (Seal)"

We do not believe that the finding and judgment of the trial court should be disturbed in the instant case.

In the first place there is the stipulation that the ██ appellee and his immediate grantees (grantors) "have continuously been in possession of the whole of the real estate described in the plaintiff's complaint uninterruptedly as adverse claimants since the 26th day of November, 1866." Were anything else needed to sustain the finding it may be stated as a general rule that reservations and restrictions contained

in a deed are, if they be ambiguous, usually construed most strongly against the grantor and in favor of the grantee. These appellants "stand in the shoes" of the original grantor Connor and the appellee "in the shoes of his grantee." See: *Muller* v. *Boggs* (1864), 25 Cal. 175; *Wyman* v. *Farrar* (1852), 35 Me. 64; *Darling* v. *Crowell* (1833), 6 N. H. 421; *Blackman* v. *Striker* (1894), 142 N. Y. 555; *Ives* v. *Van Auken* (1857), 34 Barb (N. Y.) 567; *Jackson* v. *Blodget* (1819), 16 Johns (N. Y.) 140; *Jackson* v. *Gardner* (1811), 8 Johns (N. Y. 301; *Case* v. *Haight* (1829), 3 Wend (N. Y.) 632; *Klaer* v. *Ridgway* (1878), 86 Pa. St. 529; *Ogontz Land, etc., Co.* v. *Johnson* (1893), 3 Pa. Dist. Rep. 642; *Green Bay, etc., Canal Co.* v. *Hewitt* (1886), 66 Wis. 461.

Many other rules of construction of such a deed as the one under consideration might be invoked to sustain the finding but we do not deem it necessary to extend this opinion in the statement of them.

In our opinion the motion for a new trial was correctly ruled upon and the judgment is affirmed.