23  99
76  327

ORTON vs. HARVEY.

*Parol evidence to contradict village plat. Use of highway for piling wood, etc.*

1. Where land is marked on a village plat as "reserved for the proprietors," parol evidence is not admissible (in a suit by one succeeding to their title against the owner of an adjoining lot, for an alleged trespass), to show that it was reserved for the use of adjoining lot owners.
2. The plaintiff in such action would not be bound by any statements as to the intended use of such reservation, made by such proprietors to persons purchasing of them such adjoining lots — no dedication to the public use being claimed.
3. The land of one person, subject to a public easement as a highway, cannot be used by another person as a place to pile wood or store goods.

APPEAL from the Circuit Court for *Milwaukee* County.

Trespass, for entering on plaintiff's land and piling wood thereon, and keeping the same so piled, etc. Answer, a general denial, and also a special denial of plaintiff's title to the land. Verdict for the defendant; new trial denied; and plaint-

iff appealed from a judgment on the verdict. The case will appear from the opinion.

*E. Mariner*, for the appellant, to the point that there can be no dedication by acts *in pais* to a private or individual use, or to a *limited portion* of the public, but it can only be to the public, on acceptance and user, cited *Dovaston v. Payne*, 2 Smith's Lead. Cas. 214; *Pearsall v. Post*, 20 Wend. 111; *Langley v. Mayor, etc.*, 2 Ohio St., 107, 110; *Poole v. Huskinson*, 11 M. & W., 827, and cases there cited; 2 Johns. 357.

*I. P. Walker*, for respondent.

PAINE, J. This action was for an alleged trespass in piling wood on the plaintiff's land, and on the street adjoining it. The land in controversy was a part of the village of Humboldt, and was marked on the plat of that village as "reserved for the proprietors." The evidence offered by the plaintiff having tended to show that he had become the owner of the interests of the proprietors, the court admitted, under objection, parol evidence by one of the proprietors, as to what he understood to have been the purpose of this reservation. He said he "understood" "it was for the use of parties using the water, purchasing and occupying the lots below, and also for the public who desired access to the premises."

This parol evidence ought not to have been admitted. It went to contradict the plat. The language of the plat is clear and unambiguous. Its effect was undoubtedly to reserve the tract to which it applied, to the proprietors, to be used for any purpose which they might see fit. They might dedicate it to the public. They might grant an interest in it to individuals who should purchase adjoining lots. But if either of these things was done, it could only be proved by competent evidence. It was not competent to change the legal effect of the plat by parol proof of what the proprietor intended in making the reservation. Nor was it competent to vest any interest in this

tract in any purchaser of an adjoining lot, by parol evidence of conversations at the time of the purchase, in which the proprietors stated to what use they intended to devote the reservation. It was not like the sale of lots upon a platted street. In such case the plat indicates to the purchaser the easement in the street, and may estop the grantor from attempting to withdraw it as to him, even though he may not be estopped as to the public. But here the plat clearly informed the purchaser that this land was reserved by the proprietors; and if he desired to obtain any interest in it, he could only do so by some competent method, and not by a parol conversation with the owners at the time of purchasing some other land. *Arnold v. Elmore,* 16 Wis. 509.

It was claimed that the land had been dedicated to the public. This, of course, could have been shown by any acts *in pais* sufficient to establish it. But the evidence already considered was not of that character.

I think the court below also erred in submitting to the jury the question whether the acts complained of constituted a reasonable use of the street, and instructing them that if they were of that opinion they should find for the defendant. This part of the charge was of course based upon the assumption, that the jury should find for the plaintiffs in respect to his owning and being in possession of the land adjoining the street where the wood was piled. And upon that assumption the instruction ought not to be sustained. The proof tended to show that two hundred cords of wood were piled there, extending from forty to fifty rods along the street. It was left there for several months. The defendant in placing it there acted as the agent of Noonan & McNab, who were the proprietors of a paper and flouring mill in the vicinity. Upon this evidence the court instructed the jury as follows: "Streets and highways are often used for piling goods upon, or merchandise, or other articles that are used in connection with the business

carried on there. The question in this case is, Has there been an unreasonable use of this street? If the jury are satisfied that it was used in the regular course of business of Noonan & McNab, and not permanently, then I do not think it could be a trespass, and you must determine whether this was an unreasonable use."

It will be observed that the question here was not between the public and the owner of land, as to how far the latter might use his own land, notwithstanding the public easement. But it was as to how far the existence of the public easement gave to one individual the right to use the land of another over which the easement extended, for the purpose of piling wood. That it gives no such right as that exercised here, is obvious.

It cannot be claimed as incident to the right of passage, upon the most liberal views of that right which could possibly be taken. A mere statement of the facts makes this so plain that argument is unnecessary. To establish any such right as incident to a public easement, would be a flagrant violation, not only of the rights of land owners, but of the public also. The court should have told the jury that if the land adjoining the street where the wood was piled belonged to the plaintiff, then it was an act of trespass to pile it on his side of the street, under the circumstances disclosed by the evidence in this case.

A motion was made for a new trial for misdirection, and it ought to have been granted.

*By the Court.*— The judgment is reversed, with costs, and a *venire de novo* awarded.