Fischer, Respondent, vs. Laack and another, Appellants.

*March 1 — March 18, 1890.*

*(1–3) Easements: Alleys: Dedication: Way of necessity. (4) Action: Law and equity: Amendment of complaint.*

1. The owner of three lots, all abutting on M. street to the north and the eastern one also abutting on S. street to the east, conveyed to the plaintiff the western lot "except the south twelve feet of said lot, to be used as an alley to the adjoining lots, and leading east to S. street." He graded and improved the alley from S. street to and partly across said western lot, and afterwards conveyed to another person the west half of the middle lot "with the exception of the south twelve feet, to be reserved for a private alley." *Held,* that there was no dedication of the alley to public use. Taylor, J., dissents.

2. The deed to the plaintiff reserved to the grantor the use of an alley

or way across the south twelve feet of the lot, but did not convey to the plaintiff a right of way over the other lots to S. street.

3. The grantee of a lot fronting on one street, who has sufficient ingress and egress to and from his lot by that street, cannot have a right of way of necessity across adjoining lots to a side street.

4. An action at law cannot be changed by amendment of the complaint into one in equity.

APPEAL from the Circuit Court for *Sheboygan* County.

This action was brought under sec. 3180, R. S., as amended by ch. 190, Laws of 1882 (2 S. & B. Ann. Stats. 1801), to recover damages for and to abate an alleged private nuisance, and is founded on the following facts:

In June, 1883, the defendant *Schwartz* was the owner of lots 6, 7, and 8, in block 19, in the village (now city) of Plymouth in Sheboygan county, and of an unplatted parcel of land, forty feet wide, adjoining said lots on the south. Block 19 is bounded on the north by Mill street, and on the east by Stafford street. All of said lots front north on Mill street. Lot 6 abuts on Stafford street. Lot 7 adjoins lot 6, and is west of it; and lot 8 adjoins, and is west of lot 7.

The plaintiff claims to be the owner of lot 8, and of a private right of way therefrom along an alley, twelve feet wide, extending across the south end of lots 7 and 6 to Stafford street, under a conveyance and grant thereof executed by defendant *Schwartz* to him in June, 1883. Defendant *Laack* claims to be the owner of lot 6 and the east half of lot 7, under a later conveyance executed to him by *Schwartz*, which contains no reservation of an alley or any right of way over the same, and has obstructed the *locus in quo* over which the plaintiff claims a right of way by erecting a building on his lots which entirely closes the alley and prevents the use thereof by the plaintiff. This is the nuisance complained of.

The defendant introduced no testimony on the trial. That introduced by the plaintiff, and the terms of the con-

veyances above mentioned, sufficiently appear in the findings of the court, which are as follows:

" 1. For some time previous to 1883, *William Schwartz* was the owner in fee of lot eight (8) in block nineteen of the village of Plymouth (now city), Wisconsin, described in the complaint, and also of lots six (6) and seven (7) in said block, lying east of said lot eight, and between said lot eight and Stafford street, in said village or city.

" 2. Some time before the 8th day of June, 1883, said *William Schwartz* and his wife executed and delivered to said *Henry W. Fischer* a deed in due form, duly witnessed and acknowledged, conveying to him lands described as follows in said deed: 'Lot number eight (8) in block nineteen (19) in the village (now city) of Plymouth, except the south twelve (12) feet of said lot, to be used as an alley to the adjoining lots, and leading east to Stafford St.' This deed was recorded in the office of the register of deeds of Sheboygan county on the 8th day of June, A. D. 1883.

" 3. The extension of the alley named in said deed east to Stafford street would take a strip of land twelve feet wide clear across the south end of said lots six and seven in block nineteen aforesaid.

" 4. Very shortly after the execution of the deed to the plaintiff, *Henry W. Fischer*, by *William Schwartz* and his wife, the plaintiff and *William Schwartz* graded and improved a track for conveyances from Stafford street to and partly across said lot eight (8), on the south twelve feet of lots six (6) and seven (7), upon the line named in the said deed from *Schwartz* and wife to plaintiff, which way was used as an alley by the plaintiff and adjoining lot owners, to get to their lots in the rear parts thereof, until said way was obstructed by the defendants in 1883.

" 5. In 1884, said *William Schwartz* and his wife, by a deed in due form, conveyed to one F. Behnke the tract of land described in said deed as follows: 'The west half of.

lot seven (7) in block nineteen (19) in the city of Plymouth, with the exception of the south twelve feet, to be reserved for a private alley,' which deed was executed and recorded in the office of the register of deeds of Sheboygan county on the 24th day of April, 1884.

"6. Some time during A. D. 1888, the defendant *William Schwartz* and his wife conveyed to the defendant *Henry C. Laack* lot six (6) and the east half of lot seven (7) in block nineteen (19) aforesaid, by a deed in due form, which was duly recorded. No mention of an alley was made in the deed to the defendant *Laack*, but the alley was then in use by the plaintiff and others, and was plainly graded and improved, and the same was well known to the defendant *Henry C. Laack* when he purchased said land; and it was also well known to said *Henry C. Laack*, as the fact was, that the plaintiff had no other way to the rear of his said lot except by the alley aforesaid, or by going through the whole length of his lot from the front thereof.

"7. In May, 1888, the defendant *Henry C. Laack* obstructed the alley aforesaid entirely, by placing a building on and across it for permanent use, disregarding the rights of the plaintiff in the said alley and his personal protest against his obstructing said alley, and claimed that the plaintiff had no right to said alley, and that he was the owner of the land and entitled to the full use thereof under his said deed from *Wm. Schwartz* and his wife.

"*As to the law*, I find that the plaintiff is entitled to an alley-way on the south twelve feet in width of lots six (6) and seven (7) in block nineteen (19) in the city of Plymouth aforesaid, and that the said defendants have no right to obstruct, or to cause the obstruction of, the same. (2) That the plaintiff is entitled to judgment for the relief demanded in the complaint,— that the said obstruction be abated,— and for his costs against both the defendants. Let judgment be entered accordingly."

The defendants appeal from the judgment entered against them pursuant to such findings.

For the appellants there was a brief signed by *Seaman & Williams*, attorneys for *Schwartz* and of counsel for *Laack*, and *M. C. Mead*, attorney for *Laack*, and the cause was argued orally by *W. H. Seaman* and *M. C. Mead*. To the point that the conveyance from *Schwartz* to the plaintiff contains no grant of the alleged alley-way, and especially no grant over defendants' premises in question, they cited *Pentland v. Keep*, 41 Wis. 490; *Thayer v. Finton*, 108 N. Y. 397; *Hopkinson v. McKnight*, 31 N. J. Law, 422; *Stuyvesant v. Woodruff*, 21 id. 133; *Fetters v. Humphreys*, 18 N. J. Eq. 260; *Parsons v. Johnson*, 68 N. Y. 62; *O'Rorke v. Smith*, 11 R. I. 259, 23 Am. Rep. 440.

*M. D. L. Fuller*, attorney, and *Chas. T. Hickox*, as counsel, for the respondent, contended, *inter alia*, that the effect of the description in the deed to the plaintiff was to bound his lot on the south on an alley, and the grantor thereby annexed to such lot a right of way over the alley, which neither he nor his successors in title can obstruct or destroy. Washb. Easem. (4th ed.), 266, 267; *Jarstadt v. Morgan*, 48 Wis. 249; *Fox v. Union Sug. Ref.* 109 Mass. 295; *Donahoo v. Murray*, 62 Wis. 102; *White v. Smith*, 37 Mich. 291; *Smith v. Lock*, 18 id. 56; *Karrer v. Berry*, 44 id. 391; *Bartlett v. Bangor*, 67 Me. 460; *Tufts v. Charlestown*, 2 Gray, 271; *O'Linda v. Lothrop*, 21 Pick. 292; *Parker v. Smith*, 17 Mass. 413; *Thomas v. Poole*, 7 Gray, 83; *Tobey v. Taunton*, 119 Mass. 404; *Franklin Ins. Co. v. Cousens*, 127 id. 258; *Cox v. James*, 45 N. Y. 557; *Tallmadge v. East River Bank*, 26 id. 105; *Smyles v. Hastings*, 22 id. 222. There was also a dedication of the alley. *Child v. Chappell*, 9 N. Y. 246; Washb. Easem. (4th ed.), 203; *Dovaston v. Payne*, 2 Smith's L. C. 181; *Pettibone v. Hamilton*, 40 Wis. 402; *Weisbrod v. C. & N. W. R. Co.* 21 id. 602; *Bissell v. N. Y. C. R. Co.* 23 N. Y. 61; *Taylor v. Hopper*, 62 id.

649; *Story v. N. Y. E. R. Co.* 90 id. 122; *Horner v. C., M. & St. P. R. Co.* 38 Wis. 174; *Zearing v. Raber*, 74 Ill. 409; *Lamar Co. v. Clements*, 49 Tex. 347; *White's Bank v. Nichols*, 64 N. Y. 65; *Cox v. James*, 45 id. 557; *Bartlett v. Bangor*, 67 Me. 460; 2 Dill. Mun. Corp. secs. 503–5; 15 Cent. L. J. 422; *Barteau v. West*, 23 Wis. 419; *Eastland v. Fogo*, 66 id. 133; *Wiggins v. McCleary*, 49 N. Y. 348.

LYON, J.    The alleged right of way from his lot to Stafford street, claimed by the plaintiff, is a private right only. There is nothing in the case tending to show that the alley along which such right of way is claimed is a public way, by dedication or otherwise, as claimed on behalf of the plaintiff. Of the cases cited to that proposition, that of *Pettibone v. Hamilton*, 40 Wis. 402, is as strong for the plaintiff as any. In that case an alley was dedicated by making and recording a plat on which it was marked and platted.    The alley extended from street to street, abutting the rear of all the lots in a block; and the proprietors' certificate to the plat specified that it was for the accommodation of the front lots, but did not restrict its use to that purpose.    For reasons stated in the opinion therein, the alley was held to be a public way. There is no similarity in the two cases, either in fact or principle.    In this case the *locus in quo* was "to be used as an alley to the adjoining lots, and leading east to Stafford street," as specified in *Schwartz's* conveyance to plaintiff, and a "private alley," as it is designated in the conveyance to Behnke.    There is in this case no element of a grant of a public way, either by plat or otherwise; and, consequently, the grading and improving of the same by *Schwartz*, as stated in the fourth finding of fact, is no evidence of a dedication by him of a public way.    Such acts are characterized, explained, and limited by the terms of the conveyances above mentioned.    Hence there has been no dedication of the alley by *Schwartz* to the public use.

Many of the cases cited are to the effect that if one conveys lots by a plat on which the lots are marked as abutting streets, or by metes and bounds, naming a street as a boundary, he shall not afterwards be heard to deny the existence of such street when the conveyance was made, as against his grantee, and also that one who plats his land into blocks, lots, and streets, and conveys lots by reference to such plat, is in like manner estopped to deny the existence of such streets. All this is elementary law, but is not applicable to the present case.

The only methods known to the law by which one person may acquire an easement in the lands of another are by grant or prescription or, in the case of a right of way, by necessity. The plaintiff can have no right of way of necessity from lot 8 over lots 6 and 7 to Stafford street, because his lot 8 fronts on Mill street, which is the principal business thoroughfare in Plymouth, and he has sufficient ingress and egress to and from his lot by that street. *Pentland v. Keep,* 41 Wis. 490. Neither has he any right of way by prescription, for such right is only acquired by twenty years' uninterrupted adverse user of the easement. *Rooker v. Perkins,* 14 Wis. 79; *Haag v. Delorme,* 30 Wis. 591, and cases cited. The user in this case did not commence until 1883. Hence, if the plaintiff has such right of way, it is by virtue of the conveyance to him by *Schwartz* of lot 8.

The granting clause in the conveyance last mentioned describes the land conveyed as follows: "Lot No. 8 in block 19 in the village (now city) of Plymouth, except the south twelve feet of said lot, to be used as an alley to the adjoining lots, and leading east to Stafford street." This language is plain and unambiguous, and proof of extrinsic facts is inadmissible to contradict it or affect its construction. The word "except" is employed, but the subject matter to which it refers is a reservation. These terms are frequently used in deeds as synonymous. Although they

are not synonymous, it is immaterial if they are erroneously used one for the other. The court will always determine from the nature and effect of the provision itself whether it creates an exception or a reservation. *Stockwell v. Couillard*, 129 Mass. 231; 7 Am. & Eng. Ency. of Law, 113, and cases cited. The distinction between these terms is thus stated in 1 Sheppard's Touchstone, 80: "A reservation is a clause of a deed whereby the . . . grantor doth reserve some new thing to himself out of that which he granted before. . . . This doth differ from an exception, which is ever of part of the thing granted, and of a thing *in esse* at the time; but this is of a thing newly created or reserved out of a thing demised that was not *in esse* before." Hence it was said in *Rich v. Zeilsdorff*, 22 Wis. 544, that " a reservation is always of something taken back out of that which is clearly granted, while an exception is some part of the estate not granted at all." The conveyance of June, 1883, clearly conveyed to the plaintiff the whole of lot 8, with an exception (in terms) of a right of way twelve feet in width on the south end thereof. It took back something out of that which was granted. Hence it is a reservation, under the above definitions. Were it an exception, the title to said twelve foot strip on lot 8 would not have been vested in the plaintiff, but would have remained in *Schwartz*. This is against the clear and obvious intention of the parties as expressed in the instrument, and such a construction is inadmissible. The legal effect of the instrument, therefore, is the same as though the clause which is denominated therein an exception read as follows: " Reserving to the grantor the use of the south twelve feet of said lot 8, to be used by him as an alley or way to the adjoining lots, and leading east to Stafford street." The phrase " to the adjoining lots, and leading east to Stafford street," evidently means to lots 7 and 6, which extend east from lot 8 to that street. It should be observed that, at

the time such conveyance was executed, *Schwartz* owned lots 6 and 7. In his conveyance of lot 8 to plaintiff, *Schwartz* reserved to himself the use of an alley or way, not upon lots 6 and 7, but upon lot 8, which he then conveyed to the plaintiff, to his lots 6 and 7. The reservation is " the south twelve feet of said lot," referring, of course, to lot 8. Neither an exception nor reservation can extend a grant; and it is impossible to construe this conveyance of lot 8, containing a reservation in favor of the grantor of a right of way upon it, into a grant to the plaintiff — the grantee — of a right of way over lots 6 and 7. It must be held, therefore, that under such conveyance the plaintiff has no right of way across those lots, and this action cannot be maintained.

Much of the testimony introduced by the plaintiff might be pertinent were this an action to reform the deed of June, 1883, so that it should grant to the plaintiff the easement which he claims to have contracted for, but it is not admissible in this action. Were this an action in equity, we should grant leave to the circuit court, on a proper showing, to permit the complaint to be amended by inserting the proper averments to entitle the plaintiff to a reformation of the deed. But it is an action at law, and an amendment which would change it into one in equity is not admissible. True, the complaint contains a prayer for an injunction, but it contains no averments showing any right thereto or to any equitable relief. Hence the case is not of equitable cognizance. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 221. See also *Stadler v. Grieben,* 61 Wis. 500.

For the reasons above stated, the complaint must be dismissed. But to prevent all doubt as to the effect of the judgment of dismissal upon an equitable action to reform the deed (should the plaintiff bring one), we reverse the judgment herein with directions to dismiss the complaint, but without prejudice to the right of the plaintiff to bring

and maintain an action for the reformation of the deed, and, if he prevails therein, to prosecute for the relief demanded in this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings as indicated in this opinion.

TAYLOR, J.   The respondent brought an action in the circuit court against the appellants, alleging as a cause of action that on the 27th day of April, 1883, the defendant *Schwartz* for a valuable consideration sold and conveyed to the plaintiff, by a deed with covenants of warranty, lot 8 in block 19 in the village (now city) of Plymouth, Sheboygan county, and in addition thereto an alley on the south end of said lot, twelve feet wide, and leading east to Stafford street in said city; that said deed was properly recorded, and that thereafter plaintiff entered into the possession of said premises, and has ever since been, and now is, the owner thereof.   The complaint further alleges that on the 16th of May, 1888, the defendants erected a building on and across said alley, on the south end of lots 6 and 7 in said block 19; "said lots 6 and 7 having been at the time of said conveyance owned by *Schwartz* and was thereby dedicated as an alley for the use of the owner of said lot 8, by said *Schwartz* in said conveyance to the plaintiff."   He also alleges that the defendant *Laack*, at the time he erected said building across said alley, had notice of such dedication of said alley for the use of said plaintiff as the owner of said lot 8.   The plaintiff claims damages for the obstruction, and asks a judgment for the removal of said building, and for a perpetual injunction restraining the defendants from obstructing such alley.

The defendants answered, denying the right of the plaintiff to the use of said alley, and denying that the defendant *Schwartz* had ever dedicated the use of the south twelve

feet in width of lots 6, 7, and 8 in said block 19, to the public or for the use of the owners of lot 8 or of any other person or persons.

On the trial the evidence showed that when *Schwartz* conveyed lot 8 in block 19 to the plaintiff in 1883, he *(Schwartz)* was the owner of lots 7 and 6 in the same block, and also the owner of a strip of land in said block, forty feet wide, lying immediately south of· said lots 6, 7, and 8, and extending from Stafford street west as far as the west line of said lot 8; that said lots 6, 7, and 8 fronted on the north on Mill street, the principal street in said city of Plymouth; that lot 8 was the lot furthest west, and lots 7 and 6 lay east of it, and on the east side of lot 6 was another much-used street in said city, running north and south, named Stafford street. An alley, therefore, running east along the south twelve feet of lots 6, 7, and 8, from the west side of lot 6 to Stafford street, would be of considerable value to the owners of lots 6 and 7, as well as to that part of the block owned by *Schwartz* lying immediately south of said lots 6, 7, and 8. The description in the deed from *Schwartz* to the plaintiff was as follows: "Lot 8 in block 19 in the village (now city) of Plymouth, excepting the south twelve feet of said lot, to be used as an alley to the adjoining lots, and leading east to Stafford street."

It was also shown that on the 22d day of April, 1884, *Schwartz* had also conveyed the west half of lot 7, in said block, to Frederick Behnke. In this deed the land conveyed was described as "the west half of lot 7 in block 19, city of Plymouth, with the exception of the south twelve feet, to be reserved for a private alley." After these conveyances *Schwartz* remained the owner of the east half of lot 7, the whole of lot 6, in said block, and the strip of land lying immediately south of said lots 6, 7, and 8, forty feet in width, and extending west as far as the west line of lot 8 in said block, and continued such owner until Decem-

ber 13, 1887, when he conveyed all of said lots and land to the defendant *Laack*.

The evidence also shows that some time in the summer of 1884 an alley was made across the south twelve feet of lots 6 and 7 and a part of lot 8, and extending east to Stafford street; that said alley was graveled so as to make a good road-way; that *Schwartz* assisted in making such alley passable; and that the same was used by the plaintiff and said Behnke from that time down to the time the same was obstructed by the building erected across the same by the said *Laack* in 1888, for getting in and out from the back end of their lots to Stafford street. On the trial, under objection on the part of the defendants, the plaintiff testified that when he bought lot 8 he told *Schwartz* he wanted an alley running to Stafford street, so he could get out, and *Schwartz* replied: "Everyone that buys a lot of me, or half a lot, must leave the south twelve feet for an alley." *Schwartz* also said: "There must be an alley from your lot clear to Stafford street, so you can build up your front and have an alley to drive in and out." There was also testimony showing that in 1884 *Schwartz* said to the plaintiff and Behnke: "You and Behnke fix up your alley and give me that ground [meaning some ground taken from plaintiff's cellar], and I will fix up my alley at once." And it was shown that he did fix the alley east of Behnke's lot, and that Behnke and the plaintiff used the alley from Stafford street from that time on, for three years and over, to go in and out from the back of their lots. In the summer of 1884, and when Behnke was building a barn on the south end of his lot, he had extended his foundation two feet into the twelve-feet alley south of his lot, and *Schwartz* compelled him to remove the foundation out of the twelve-feet alley. Plaintiff also testified that the alley was used by him and Behnke to get to their places, and other persons used it in coming in for coal and so on, "coming into

my place." Behnke testified that, when he bought his half lot of *Schwartz, Schwartz* said: "You get an alley back. You can get along with half a lot." "I thought everything was all right when he promised me there was an alley there."

A witness, Merget, testified that he was in the employ of one O'Grady, and that they occupied the vacant portions of the lots between Behnke's lot and Stafford street. He says: "There was an alley there, or drive-way. It was graded up same as a street, and graveled. I know there was a culvert in it. Can't say how long it has been in that kind of use; have known it three or four years, probably. Had a talk with *Schwartz* about it one day. I had it blocked up one day, and *Schwartz* came along and wanted to know what I was doing. He wanted to know if I did not know it was an alley. I told him: 'No, I never heard so.' This was the first fall I came there. 'Well,' he said, 'it was twelve feet reserved for an alley,' and he 'wanted it kept clear.' He said he 'wanted the alley kept clear for Behnke and *Fischer*, and for our own purposes, for us to use.' That was three or four months after it was graded. Since that time that alley has been used right along whenever we wanted to use it."

The witness Delo testified that he had known of the existence of this alley four years; that it was so anybody could drive in with a load; that he had often seen them drive in." I had a conversation with *Schwartz* about the time he sold to Behnke. *Schwartz* told me he had sold half a lot to Behnke. Well, it struck me at the time, if he only bought half a lot, I did not see how he was going to get in, and I asked him how he was going to get in and out the back end of his lot. *Schwartz* says: 'I have given an alley across the back end or south end of all the lots for the use of Behnke and *Fischer*, and my own use.' This was about the time Behnke commenced building."

The plaintiff also testified that, after *Schwartz* had made the deed to *Laack*, "*Schwartz* told me that he sold the whole of it; and I told him, the way I understood, there 'was a mistake in the deed not reserving the alley.' He said 'there was, but not his fault.'"

Upon this evidence (there being no evidence given on the part of the defendants) the circuit court found (1) that the plaintiff was entitled to an alley-way on the south twelve feet in width of lots 6 and 7 in block 19 in the city of Plymouth aforesaid, and that the said defendants have no right to obstruct the same; and (2) that the plaintiff is entitled to judgment for the relief demanded in the complaint,— that the said obstruction be abated,— and for the costs of his action against both the defendants." The defendants appealed from the judgment, and claim that the judgment is not supported by the evidence.

As I understand the argument of the learned counsel for the defendants, they claim that the only way in which the plaintiff can obtain a right to have an open alley from the south end of his lot to Stafford street is by grant from *Schwartz*, the owner of the lots between lot 8 purchased by the plaintiff and Stafford street, or by prescription; and they insist that the deed from *Schwartz* of lot 8 does not contain any such grant, and there is not evidence upon which to maintain any prescriptive right. In my view of this case, it is not necessary to controvert the contention of the learned counsel for the appellants that, if a grant or prescriptive right must be shown, the plaintiff's case is not sustained. In my opinion, the plaintiff might obtain a right to the use of such alley-way from his lot to Stafford street by dedication as well as by grant or prescription. The plaintiff, in his complaint, claims the right by dedication, as I read the complaint, and not by grant or prescription. ·The argument of the learned counsel for the appellants is that, because the use of the alley is for those owning the

adjoining lots, and not for the use of the public generally, there can be no right to such use by proof of dedication; that, in order to entitle a party owning a lot or land along or through which there is claimed to be a right of way, he can only claim the right of way by dedication when he proves that it was dedicated for the use of the public generally; and, when the dedication is shown to be for a limited use, so far as the public is concerned, then there can be no claim to such use unless the dedication is made in writing, so that it would amount to a grant to the parties claiming such use. I do not think the contention of the learned counsel is sustained by the authorities or principle. The contrary of this doctrine was expressly held by this court in the cases of *Pettibone v. Hamilton*, 40 Wis. 402, 411; *Orton v. Harvey*, 23 Wis. 101; *Holdane v. Trustees*, 21 N. Y. 476; and *Livingston v. Mayor*, 8 Wend. 99.

In *Pettibone v. Hamilton*, the dedication was upheld as to a ten-feet alley in the rear of certain lots mentioned; and on the plat, which was the only evidence of dedication, it was stated that such alley was " for the accommodation of the front lots." The alley was in the rear of such front lots. This court held that the plat upon which this alley was shown and its use designated, made after the front lots or some of them had been sold by metes and bounds, and when no parts of the lots so sold, as described in the deeds, covered any part of such alley-way, gave the right to the owners of the front lots so conveyed to the perpetual use of such alley, and to the fee of the land covered by the alley in the rear of their several lots. The same objection was taken in that case as in this, that a dedication could only be made out when there was no grant in fact except of a public street open to the use of all. This court said in answer to that claim: "It is specified in the certificate of the proprietors accompanying the plat that such alley is for the accommodation of the front lots. This language is peculiar.

If it is restrictive, it certainly does not restrict the use of the alley to the owners of the front lots, but leaves the whole public who have occasion to go upon those lots the right, as against the proprietors of the plat, of ingress thereto and egress therefrom through the alley. Because the whole public have lawful authority to pass through it *for particular purposes*, the alley is necessarily a public way."

The only difference between that case and this is, that the alley in that case extended from one public street to another public street, and in this case the alley extends from a public street partially through the block. The particular purpose for which the public generally had the right to use the alley in this case was, clearly, the right to use the alley when their business with one or more of the owners of the lots in question required or made it convenient for them to use such alley. So, under the evidence in the case at bar, any person had the right to use the alley in question when it became necessary or convenient to do so in the transaction of business with any one of the owners of the adjoining lots, and the evidence shows that the public had so used it for three years and more before the defendants obstructed the same. I think the alley in question is, under the law and the decisions of this court, such a way as may be dedicated by the owner of the land across which it passes; and those claiming the use of such way need not, necessarily, show that there has been any grant of such use to him in writing, or any dedication to the public generally.

There can be no pretense, under the authorities, that a dedication of a street or alley must be made in writing. It may be done by a parol declaration, especially when such declaration is accompanied by acts which open the way to public use; and, when such use has been accepted by that part of the public or the persons for whose use it was dedicated and opened, such dedication is not revocable as to

them. Ang. Highw. § 142, says: "No particular formality is required. It is not affected by the statute of frauds. It may be made either with or without writing, by any act of the owner, such as throwing open his land to the public travel, or platting it and selling lots bounded by streets [and alleys] designated in the plat, thereby indicating a clear intention to dedicate. Or an acquiescence in the use of his land for a highway, or his declared assent to such use, will be sufficient; the dedication being proved in most if not in all cases by matter *in pais* and not by deed." The vital principle of dedication is the intention to dedicate — the *animus dedicandi*,— and when this is unequivocally manifested the dedication, so far as the owner of the soil is concerned, is complete.

That the dedication need not be of such a character as to estop the owner as to the public generally is, I think, also fully sustained by authority and principle. Dedication operates mainly on the principle of estoppel, and the estoppel may be perfect as to some particular persons who have acquired rights under the estoppel, while the owner may not be concluded as to other persons, or as to the public generally. In *Orton v. Harvey*, 23 Wis. 99, 101, it is said in the opinion, by Justice PAINE, speaking of the dedication of a street indicated on a plat to which reference is made in the deed, that " in such case the plat indicates to the purchaser the easement in the street, and may estop the grantor from attempting to withdraw it as to him even though he may not be estopped as to the public." In the case of *Holdane v. Trustees*, 21 N. Y. 474, the owner of land in a village, intending a dedication to the public, opened and fenced out an avenue from a public highway through his premises, but communicating with no other highway at one end, and consented that it should be designated as an avenue on a published map of the village (this map was not, however, published by any public au-

thority); and it was freely used to drive and walk upon for more than two years. It was held that these circumstances did not establish in favor of the public an irrevocable dedication. It was also held in that case that "if, however, private rights have been acquired with reference to such dedication, and such an interest secured, with the assent and concurrence of the owner, as would render it fraudulent in him to resume his rights, the dedication becomes irrevocable. As, in the present case, if the owner of the land had opened the way in question with the intention to dedicate it to public use as a street, and building lots had been sold and built upon, bounded on it, with the understanding on the part of the purchasers that the land was permanently devoted to public use, or, perhaps, if the public accommodation were to be seriously impaired or affected by an interruption of the use or enjoyment of the subject of the dedication, the owner would be precluded from reclaiming his land."

An alley in the rear of a lot in a city or village, although not so absolutely necessary for the use and convenience of the purchaser, is still of great importance to the purchaser, and there is no distinction made in the cases as to what shall work a dedication of such an alley or street. In *Livingston v. Mayor*, 8 Wend. 99, it is said: "The grant of a building lot in the city described in the conveyance, or in the town plat to which it refers, as bounded by streets or alleys of a certain width, implies a right in the grantee to have the street kept open in front of his lot for the benefit of light and air, as well as for a mere passage to and from the premises. If it is bounded by a street or alley in the rear, the grantee is entitled to have that kept open also for the same purposes of light and air, as well as for a necessary passage to the rear of his building, or to his garden or stables." Time, though often a very material ingredient in the evidence, is not an indispensable ingredient in the

evidence. "It is not like a grant presumed from length of time. If the act of dedication be unequivocal it may take place immediately." This rule of law as to what constitutes a dedication has so often been approved by this court that it is only necessary to refer to a few of the decisions. *Orton v. Harvey*, 23 Wis. 99–111; *Warden v. Blakley*, 32 Wis. 690; *Barteau v. West*, 23 Wis. 416; *Buchanan v. Curtis*, 25 Wis. 99; and *Pettibone v. Hamilton*, 40 Wis. 402.

If, in the case at bar, the plaintiff had purchased his lot of *Schwartz*, and in the description in the deed it had referred to a plat of lots 6, 7, and 8, and the strip of land south, forty feet wide, extending from Stafford street west to and showing an alley twelve feet wide between the forty-feet-strip and the south end of said lots, extending from the west line of lot 8 to Stafford street, it seems very clear, upon authority, there would be such a dedication of such twelve-feet strip as an alley for the use of the owners of the adjoining lots as would effectually estop *Schwartz* and those claiming under him from closing up such alley. But the evidence of dedication in this case seem to me fully as strong as though the deeds had referred to a plat of the lots showing such alley. If there can be any dedication of the alley in question in this case, then it cannot be, I think, successfully contended that the evidence in the case did not show a dedication of the alley in question. The evidence shows that *Schwartz* not only declared that there should be an alley in the rear of the lot sold to *Fischer* twelve feet in width, extending east to Stafford street, for the use of all the adjoining lots, but he repeated that declaration when he sold the lot to Behnke, and afterwards assisted in grading the alley and making it passable for travel to Stafford street on the rear of the lots owned by him; and such alley, so prepared for use, was in fact used for more than three years by *Fischer* and Behnke, and all others who, in their business relations with *Fischer* and Behnke, desired to use

it. The evidence of an intent to dedicate this alley for the use of the adjoining owners is much stronger than in the case of *Buchanan v. Curtis,* 25 Wis. 99.

The circuit judge was certainly justified in finding, upon the evidence, that there had been a dedication of this alley for the purposes indicated; and, as shown above, such use was so far a public use as to make the law of dedication applicable to the alley in question. There was also sufficient evidence to show that the defendant *Laack* had notice of the existence of such alley when he bought the remainder of the property from *Schwartz.*

I think the judgment of the circuit court should be affirmed.