PRITCHARD, Appellant, vs. LEWIS and another, Respondents.

*September 14—October 3, 1905.*

*Deeds: Construction: Exception or reservation? Evidence: Ambiguity: Adverse possession: Cloud on title.*

1. A deed which in express terms *excepts and reserves* "a strip of land two rods in width off the north side thereof, to be used as a right ·of way," imports that the fee was intended to be reserved.
2. A marked distinction exists between the terms "exception" and "reservation" as used in deeds; the distinction being that a reservation is something taken back from the thing granted, while an exception is some part of the estate not granted.
.3. In a deed to P. (being one of two contemporaneous deeds covering the same premises), after describing the land conveyed by metes and bounds, was the clause: "Being the same premises described as a right of way . . . reserved by said parties of

the first part in a deed this day executed to L." There was also excepted and reserved to the grantor the timber situated thereon and the right to enter and remove the same. The deed to L., after describing a larger tract which included the lands described in P.'s deed, contained the following: "Excepting and reserving from the above described premises a strip of land . . . to be used as a right of way." *Held:*

(1) Sufficient ambiguity existed to warrant the admission of competent testimony to aid in the interpretation of the deeds.

(2) Considering the deeds in the light of the competent testimony produced, the grantor reserved the fee from the conveyance to L. and conveyed that fee to P.

4. In such case it appeared from the deeds that P.'s ownership was further subject to L.'s right to fence the two-rod strip into his inclosure, on condition that he maintain gates for the use of the grantor, his heirs and assigns. Thereafter the title to the lands of L., including the strip in controversy, came to defendant by a conveyance describing the whole by metes and bounds, which was recorded more than ten years before the action was commenced. *Held,* under the evidence, stated in the opinion, that the defendant's occupation, although the strip in question was inclosed with his other lands, was consistent with the ownership of plaintiff (P.'s grantee) and not in hostility to her.

5. In such case a mortgage, including in its description the strip in question, executed by the defendant, constitutes a cloud on plaintiff's title, from which she is entitled to be relieved.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

This is an action to remove a cloud from title to real estate, created by mortgage from defendant *Lewis* and wife to defendant *Adams.* Plaintiff claims through deed from the common grantors, Evan Jones and wife, to Owen P. Pritchard, and defendant *Lewis* through deed from said Jones and wife to John G. Lewis. The deeds are as follows:

"This indenture, made this 11th day of November, in the year of our Lord one thousand eight hundred and seventy-two, between Evan Jones, of Racine county, Wisconsin, and Ellen, his wife, parties of the first part, and Owen P. Pritchard, of the same place, party of the second part,

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of fifty dollars, to them in hand paid by the said party of the second part, the receipt where-·of is hereby acknowledged, have granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, convey, and confirm, unto the said party of the second part, and to his heirs and assigns, forever, all that certain piece or parcel of land situate in said county ·of Racine, known as a part of the northeast quarter of section number thirty-six (36), in township number three (3) north, of range twenty-two (22) east, bounded as follows:

"Begin in the west line of said quarter section, sixty (60) rods south of the northwest corner thereof, run thence east eighty (80) rods, thence south two (2) rods, thence west ·eighty (80) rods to the west line of said quarter, and then north two (2) rods to beginning, containing one acre, and being the same premises described as a right of way two (2) rods wide reserved by said parties of the first part in a deed this day executed by them to one John G. Lewis. Excepting and reserving from above-described premises all the timber ·thereon situated, with the right to said party of the.first part to go upon said land and remove said timber for the term of ten years.

"Together with all and singular the hereditaments and ap-purtenances thereto in any wise appertaining, and all the ·estate, right, title, possession, claim, and demand, in law or in equity, of the said parties of the first part therein and thereto.

"To have and to hold the same unto said party of the sec-·ond part, his heirs and assigns, to his and their sole use, for-·ever.    And the said Evan Jones, one of the parties of the first part, for himself, his heirs, executors, and administra-·tors, doth hereby covenant with the said party of the second part, his heirs, executors, administrators, and assigns, that at ·the time of the delivery of these presents he is well seised of the above-granted premises as of an indefeasible estate of inheritance in fee simple, 'that the same are free and clear from all liens and incumbrances whatever, and that the same in the quiet and peaceable possession and enjoyment of the ·said party of the second part, his heirs and assigns, forever,

against all persons lawfully claiming the same, or any part thereof, he will warrant and forever defend.

"In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"Signed, sealed and de-       EVAN JONES.       [Seal.]
livered in presence of                 her
"John W. Knight.          ELLEN X JONES.    [Seal.]
"Rich'd P. Howell.               mark

"State of Wisconsin, } ss.
County of Racine. }

"On this 11th day of November, A. D. 1872, came personally before the subscriber, a notary public of said state residing in said county, Evan Jones and Ellen, his wife, to me well known to be the persons described in and who exe-cuted the above conveyance, and acknowledged that they had executed the same for the uses and purposes therein set forth.

"Given under my hand and official seal.

"[Notarial Seal.]          JOHN W. KNIGHT,
                              "Notary Public."

"This indenture, made this eleventh day of November, in the year of our Lord one thousand eight hundred and seventy-two, between Evan Jones, of the county of Racine, state of Wisconsin, and Ellen, his wife, party of the first part, and John G. Lewis, of the same place, party of the second part,

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of twenty-one hundred dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, convey, and confirm, unto the said party of the second part, and to his heirs and assigns, forever, all that certain piece or parcel of land situate in said county of Racine, known as a part of the northeast quarter of section number thirty-six (36), in township number three (3) north, of range number twenty-two (22) east, bounded as follows: .

"Begin at a point in the west line of said quarter section sixty (60) rods south of the northwest corner thereof, run thence east eighty (80) rods, thence south fifty (50) rods,

thence west eighty (80) rods to the west line of said quarter,. and then north fifty (50) rods to place of beginning.

"Excepting and reserving from the above-described premises a strip of land two (2) rods in width off the north side thereof, to be used as a right of way.

"The party of the second part, however, to have the privilege of fencing said right of way into his inclosure, and being required only to maintain a gate at each end thereof for the use of said party of the first part, his heirs and assigns.

"Together with all and singular the hereditaments and appurtenances thereto in any wise appertaining, and all the estate, right, title, possession, claim, and demand, in law or in equity, of the said parties of the first part therein and thereto.

"To have and to hold the same unto said party of the second part, his heirs and assigns, to his and their sole use, forever. And the said Evan Jones, one of the parties of the first part, for himself, his heirs, executors, and administrators, doth hereby covenant with the said party of the second part, his heirs, executors, administrators, and assigns, that at the time of the delivery of these presents he is well seised of the above-granted premises as of indefeasible estate of inheritance in fee simple, that the same are free and clear from all liens and incumbrances whatever, and that the same in the quiet and peaceable possession and enjoyment of the said party of the second part, his heirs and assigns, forever, against all persons lawfully claiming the same, or any part thereof, he will warrant and forever defend.

"In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"Signed, sealed and delivered in presence of
    "John W. Knight.
    "Rich'd P. Howell

EVAN JONES.          [Seal.]
         her
ELLEN X JONES.       [Seal.]
        mark

"State of Wisconsin, ⎱ ss.
County of Racine.   ⎰

"On this 11th day of November, A. D. 1872, came personally before the subscriber, a notary public of said state residing in said county, Evan Jones and Ellen, his wife, to me well known to be the persons described in and who exe-

cuted the above conveyance, and acknowledged that they had executed the same for the uses and purposes therein set forth.

"Given under my hand and official seal.

"[Notarial Seal.]          JOHN W. KNIGHT,
                          "Notary Public."

The main controversy is whether the deed from Jones and wife to Pritchard of the strip conveyed the fee or an easement for right of way. The case was tried by the court, and the court found as facts, in effect, that the plaintiff and defendant *Lewis* respectively derived their title through deeds hereinbefore set forth; that at the time of the execution of the deeds, November 11, 1872, Owen P. Pritchard then and prior to the time of his death was the owner, and plaintiff since has been and is the owner, of the twenty acres of land adjoining the strip in controversy at the east end thereof; that said strip was used by said Pritchard in his lifetime, and by the plaintiff since his death, as a passageway to reach said twenty acres; that on the execution and delivery of the partition deed from Wm. Beatty, as referee, to defendant *Lewis*, May 5, 1894, defendant *Lewis* entered into possession under said deed and held adversely for ten years, subject to the easement of Pritchard; that the mortgage referred to in the complaint was given and taken with full knowledge that the plaintiff had a right of way or easement over the strip of land in question and that the rights of the plaintiff were prior and superior to the lien of the mortgage. And as conclusions of law: That the defendant *Lewis* is the owner in fee simple of the land in controversy, subject only to right of way or easement over the same to the plaintiff, her heirs and assigns; that the mortgage does not constitute a cloud upon the title of the plaintiff; that defendants are entitled to judgment against plaintiff, and to recovery of their costs. Judgment was entered accordingly, from which this appeal was taken.

Error is assigned: First, in the admission and exclusion of testimony; second, in finding that defendant *Lewis* had been in the continual occupation and adverse possession of the

premises for more than ten years prior to the commencement of the action; third, in the conclusions of law that defendant *Lewis* is the owner. in fee of the land in question, and that the reservation by grantor Jones, his heirs and assigns, in the Pritchard deed, was an easement merely, that defendants' claim, under secs. 4211, 4212, Stats. 1898, is established by the evidence, that the mortgage does not constitute a cloud upon the rights of the plaintiff, and in ordering judgment for defendants.

*W. W. Rowlands,* for the appellant.

*D. H. Flett,* for the respondents.

KERWIN, J. 1. The first and important question for consideration is, What title passed by the deed of November 11, 1872, from Evan Jones and wife to Owen P. Pritchard? The two deeds from Jones to *Lewis* and Pritchard upon their face indicate that they were executed upon the same day. The deed to *Lewis* in plain terms excepts and reserves the two rods for a right of way, not a right of way over the two rods, but "a strip of land two rods in width off the north side thereof, to be used as a right of way," which quite plainly imports that the fee was intended to be reserved. *Cincinnati v. Lessee of Newell's Heirs,* 7 Ohio St. 37. The language used is in form an exception and reservation. A marked distinction exists between the terms "exception" and "reservation" as used in deeds; the distinction being that a reservation is something taken back from the thing granted, while an exception is some part of the estate not granted at all. *Rich v. Zeilsdorff,* 22 Wis. 544; *Fischer v. Laack,* 76 Wis. 313, 45 N. W. 104. True, the terms "excepting" and "reserving" are often used indiscriminately, and sometimes in a deed what purports to be a reservation has the force of an exception, when such appears to be the clear and obvious intention of the parties. 2 Devlin, Deeds, § 980; *Fischer v. Laack, supra; Gould v. Howe,* 131 Ill. 490, 23 N. E. 602.

The deed to Pritchard is a warranty deed, conveying by metes and bounds the strip of land in question, referring to it as "being the same premises described as a right of way two rods wide, reserved by said parties of the first part in a deed this day executed by them to one John G. Lewis;" and it further excepts and reserves the timber situated upon said strip, with the right of the grantor to go upon the land and remove said timber for the term of ten years.

It is contended on the part of the respondents that the language of the deed to Lewis, excepting and reserving the premises for a right of way, shows upon the face of the deed that the fee was not reserved, but only a right of way, and that, while the deed to Pritchard was an absolute conveyance of the premises by metes and bounds, still the reference to the Lewis deed made it a part of the Pritchard deed, and constituted notice to Pritchard that only a right of way was reserved; and, the fee having passed to Lewis, Pritchard only got by his deed the right of way reserved in deed to Lewis. This argument is based upon the theory that the fee passed to Lewis. Hence grantor Jones could only convey in his deed to Pritchard the remaining estate in him, which was only a right of way. The court below held, in a written opinion filed, that the reservation to Jones in deed to Lewis and subsequent grant to Pritchard was of an easement merely, and that the deeds were not so ambiguous as to require parol evidence to aid their interpretation; and the argument of counsel for respondents here is grounded upon the assumption that the deed to Lewis upon its face conveyed the fee and reserved the right of way only, and cannot be aided by extrinsic evidence, and several cases are cited upon this proposition, which will be considered.

*Winston v. Johnson,* 42 Minn. 398, 45 N. W. 958, is a case where it was held that the words "excepting and reserving" in a deed constituted a reservation and not an exception. But a careful examination of this case will show that it did

not turn altogether upon the words of the deed, but upon the intention of the parties as gathered from their acts, the surrounding circumstances, as well as the physical condition of the property and the practical interpretation of the reservation by the grantee. In *Bolio v. Marvin,* 130 Mich. 82, 89 N. W. 563, there was no express reservation, the language being, "saving and preserving, however, from the operation hereof, the road running along the southerly line of said parcels," etc.; and there the court recognizes the well-settled doctrine that the intention of the grantor is to be gathered from the whole instrument, and says (130 Mich. 83, 89 N. W. 563):

"There was not the slightest occasion to include this land in the deed unless some interest was intended to be vested in the grantee."

The court also refers with approval to *Reynolds v. Gaertner,* 117 Mich. 532, 76 N. W. 3, where the words used were held to create an exception and not a reservation, and says (130 Mich. 84, 89 N. W. 563):

"But the language employed in the deed construed in that case is very different from that which we are now construing. In that case the language was, 'except two and forty-six hundredths acres to the Chicago & Canada Southern Railroad.'"

In *Wellman v. Churchill,* 92 Me. 193, 42 Atl. 352, the language of the deed was, "with the reservation of a road two rods wide over the northerly side of said lot." There the language plainly indicated a reservation, and not an exception, and the court refers to the distinction between exception and reservation and says (92 Me. 195, 42 Atl. 353):

"Exception is always a part of the thing granted, and of a thing in being; and a reservation is of a thing not in being, but is newly created out of the land and tenements devised, though exception and reservation have often been used promiscuously. Co. Litt. 47a. A construction given to a clause called a reservation is that it is an exception if it falls within that definition, and if such was the design of the parties."

*Elliot v. Small,* 35 Minn. 396, 29 N. W. 158, is where the clause was in form a reservation and not an exception, and was a reservation for a public street. In this case much stress is placed upon the apparent intention of the grantor, and it is said (35 Minn. 397, 29 N. W. 159):

"The so-called reservation was not, strictly speaking, an exception of anything; for an exception is of a part of the thing granted, and of something *in esse* at the time of the grant."

So this case appears to turn upon the intention of the grantor and the wording of the reservation. In *Towne v. Salentine,* 92 Wis. 404, 66 N. W. 395, this court clearly recognizes the distinction between the words "exception" and "reservation," when used in a deed, and holds that, while a reservation for a right of way carries only an easement, an exception for the same purpose excludes the fee from the grant. In *Patrick v. Y. M. C. A.* 120 Mich. 185, 79 N. W. 208, the language used in the deed was "excepting and reserving," and it was held to be an exception and not a reservation.

Many cases might be cited in support of the doctrine that excepting land from a deed for right-of-way purposes withholds the fee from the grant, and that the fee in such land excepted does not pass to the grantee unless it appears that the intention of the parties was that the right of way only should be reserved. The question, therefore, arises here whether the language of the deeds in question is so ambiguous or indefinite as to admit of extrinsic evidence. As before observed, the Lewis deed upon its face appears to except the fee and burden it with a right of way in favor of Pritchard, as well as the right in the grantee to keep it inclosed and maintain gates. No reason is perceived why the grantor, Jones, did not have the right to except the fee and so burden it. Nothing appears from the face of the deed to Lewis showing a contrary intention. Now, it appears very clearly from the deed to Pritchard,

which on its face purports to have been executed upon the
same day as deed to Lewis, that the grantor had reserved the
fee to this strip in deed to Lewis, because he reserves to him-
self the timber situated thereon, which clearly he could not
have done if the deed to Lewis had conveyed the fee, although
he also refers to the property as the premises reserved for
right of way. Counsel for respondent says in his brief that
the two deeds should be construed together, and in so doing
it is not easy to see how it can be gathered from the deeds
that the intention of the grantor was to convey the fee to
Lewis. Besides, the interpretation put upon these deeds by
practical construction indicates quite plainly that the fee in
this strip was reserved in the deed to Lewis and passed to
Pritchard. Immediately upon the execution of these deeds
Jones swept the timber, which was valuable, from the strip,
without any objection on the part of Lewis, which would be
wholly inconsistent with the passing of the fee to Lewis; also
the payment of taxes on this strip by Pritchard, and the fact
that Mrs. Jones, one of the grantors, refused to sign deed to
Lewis until Pritchard got his deed of the one acre, very
strongly indicate that the fee to the strip was reserved, and
intended to be reserved, in deed to Lewis, and transferred to
Pritchard. In conveyances of this character the question of
exception or reservation being largely one of intention, and
the court always determining from the nature and effect of
the provision itself, the subject matter, and the situation
of the parties, we are inclined to the opinion that sufficient
ambiguity existed to warrant the admission of the competent
testimony offered. *Fischer v. Laack,* 76 Wis. 313, 45 N. W.
104; *Stone v. Clark,* 1 Metc. 378; *Miller v. Miller,* 17 Oreg.
423, 21 Pac. 938. And, considering the deeds in the light
of the competent testimony produced, there is no room for
doubt that Jones reserved, and intended to reserve, the fee
in the conveyance to Lewis, and that he conveyed the same to
Pritchard.

2. The next question for consideration is whether the sixth finding is supported by the evidence. It is in effect that the defendant *Lewis* entered into possession of the strip in question May 5, 1894, under deed from Wm. Beatty, referee in the partition suit, and acquired title thereunder by adverse possession. Through the partition deed defendant *Lewis* got the interest of John G. Lewis. This was twenty-four acres; the one-acre strip in question being owned in fee by plaintiff, subject to the right of Lewis to fence the same into his inclosure and maintain gates. The partition deed describes the tract by metes and bounds, and gives it as twenty-four acres, more or less, although it includes within the boundaries the twenty-four acres owned by Lewis and the one-acre strip owned by plaintiff. The plaintiff, being the owner in fee of the strip in question at the time of the execution of the partition deed, is entitled to the benefit of the presumption created by sec. 4210, Stats. 1898. It is claimed on the part of the respondents that at the time of the execution of partition deed, May 5, 1894, defendant *Lewis* entered into possession under such deed and continued to hold adversely, but the evidence fails to establish such claim. The possession by *Lewis* after May 5, 1894, as shown by the evidence, was perfectly consistent with title to the fee in plaintiff and her ancestor. The evidence does not establish that the defendant *Lewis,* or his father, held the strip in question in hostility to the plaintiff. Evidence of adverse possession must be clear and positive, and should be strictly construed. *Lampman v. Van Alstyne,* 94 Wis. 417, 69 N. W. 171; *Fuller v. Worth,* 91 Wis. 406, 64 N. W. 995. Upon the facts proven the possession of the defendant *Lewis* was simply permissive, as well from the time of execution of partition deed as before. The actual occupation by defendant *Lewis* of the twenty-four acres, although the one-acre strip was inclosed therewith, was perfectly consistent with the ownership of plaintiff, and not in hostility to her. *Stewart*

*v. Harris,* 9 Humph. 714; *Nau v. Brunette,* 79 Wis. 664, 48 N. W. 649; *Lampman v. Van Alstyne, supra; Woods v. Montevallo C. & T. Co.* 84 Ala. 560, 3 South. 475; *Bailey v. Carleton,* 12 N. H. 9. We must therefore hold that the sixth finding is not supported by the evidence.

Upon the question of the mortgage to defendant *Adams* creating a cloud upon the plaintiff's title little need be said. The mortgage claimed to be a cloud upon the plaintiff's title in this case was executed by defendant *Lewis* and his wife to defendant *Adams* in December, 1903, and included therein the strip of land owned by the plaintiff, without any reservation whatever. The mortgage was executed upon the theory that defendant *Lewis* owned the fee. Since he did not, the mortgage is a cloud upon the plaintiff's title and she is entitled to relief. It therefore follows that the judgment of the court below must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to enter judgment for the plaintiff.