Jones, Respondent, vs. Hoffman and another, Appellants.

*February 23—March 12, 1912.*

*Deeds: Construction: Reservation or exception? Intention of parties.*

1. The words "excepting" and "reserving" in deeds are often used indiscriminately and interchangeably, and sometimes what purports to be a reservation has the force of an exception, the technical meaning giving way to the manifest intention of the parties.

2. In a deed conveying forty acres of land, a clause "reserving off the east line of the same two rods in width, running into Pewaukee lake, commencing two rods south of the northwest corner of section 24," followed immediately by a reservation of a right of way over another strip to be used by the parties in common, is *held*, in view of the physical situation and surrounding circumstances, to have excepted the strip first mentioned from the grant.

3. Language used in subsequent conveyances from the grantee in said deed, referring to said first mentioned strip as a right of way, could not enlarge the estate granted to him by such deed.

Appeal from a judgment of the circuit court for Waukesha county: Martin L. Lueck, Circuit Judge. *Affirmed.*

This action was brought to quiet title and declare plaintiff the owner of the land in question and bar and foreclose the defendants from any claim, right, or title to said land adverse to the plaintiff. The defendants claim title through mesne conveyances from plaintiff under a deed containing the following:

"Reserving off the east line of the same two rods in width, running into Pewaukee lake, commencing 2 (two) rods south of the northwest corner of section 24; also a right of way from the southeast corner of the above described lot, thence running south along the east line of the southeast quarter ($\frac{1}{4}$) of said northeast quarter ($\frac{1}{4}$) of section 23 aforesaid, into the present track used by the parties of the first part."

The defendants also claim title by adverse possession under a written instrument.

The court made the following findings: That the plaintiff is the owner in fee simple and is now and has been in possession of the strip of land described in the complaint since he acquired full title to said strip, together with other real estate, by warranty deed from John C. Jones, bearing date October 3, 1867, which deed was recorded in volume 37 of Deeds, page 242, in the office of the register of deeds of Waukesha county, Wisconsin; and the court further finds in connection therewith that in the deed bearing date December 10, 1868, from *William C. Jones,* this plaintiff, and wife, to D. G. Ormsby, which deed was recorded in the office of the register of deeds of Waukesha county, Wisconsin, on the 17th day of October, 1871, in volume 43, page 532, it was the clear intention of the parties to said deed to except the strip of land described in plaintiff's complaint herein; that the defendants claim title to said strip subject to an easement of the right of way by adverse possession, founding their claim upon a written instrument, and that the testimony offered on the part of the defendants in the trial of said action completely fails to

show any adverse possession that would defeat plaintiff's title to the strip in question, therefore the defendants have no interest in said strip either by written instrument or by adverse possession, as a matter of fact; that the defendants did not disclaim and release all claim and right to the real estate described in the complaint, but on the contrary appeared and answered and set up the claim of an interest in said real estate described in the complaint in themselves adversely to the claim of the plaintiff, founding said possession or interest on a written instrument.

The court concluded that the plaintiff is entitled to judgment that his claim be established against any claim of the defendants and that the defendants be forever barred against having or claiming any right or title to the lands described in the complaint adversely to the plaintiff.

Judgment was entered in favor of the plaintiff, from which this appeal was taken.

*C. E. Armin,* for the appellants.

For the respondent there was a brief by *Merton, Newbury & Jacobson,* and oral argument by *M. A. Jacobson.*

KERWIN, J.   Two questions are involved upon this appeal: (1) the construction of a deed from plaintiff to one David C. Ormsby, through whom the defendants claim title to the land in suit, and (2) whether the defendants acquired title by adverse possession to such land under a written instrument.

1. The appellants claim that the land in controversy passed by the deed from plaintiff to Ormsby, while on the part of the respondent it is claimed that it was excepted from such grant.   The controversy arises on the words of the deed. After describing forty acres in township No. 7 north, range No. 18 east, the deed contains the following: "Reserving off the east line of the same two rods in width, running into Pewaukee lake, commencing two rods south of the northwest corner of section 24."   The plaintiff's contention is that this

language amounts to an exception of the strip from the grant, while the defendants claim that the strip passed by the grant to Ormsby. In subsequent grants the strip was referred to as a right of way, but these subsequent grants could not enlarge the estate which passed from the plaintiff to Ormsby.

The appellants rely upon the distinction made in the authorities between the words "exception" and "reservation" or "excepting" and "reserving," and it is insisted that because the word "reserving" is used, and not "excepting," in the conveyance, the strip was not excepted from the grant to Ormsby, but passed to him and from him through mesne conveyances to defendants.

Counsel for appellants quotes from *Fischer v. Laack,* 76 Wis. 313, 45 N. W. 104, and the early case of *Rich v. Zeilsdorff,* 22 Wis. 544, where the distinction is drawn between the significance of the words "exception" and "reservation," and it is said in *Fischer v. Laack, supra:*

"The word 'except' is employed, but the subject matter to which it refers is a reservation. These terms are frequently used in deeds as synonymous. Although they are not synonymous, it is immaterial if they are erroneously used one for the other. The court will always determine from the nature and effect of the provision itself whether it creates an exception or a reservation."

While in the instant case the word "reserving" was used, the whole clause is quite significant that an exception of the strip was intended,—"reserving off the east line of the same two rods in width, running into Pewaukee lake, commencing two rods south of the northwest corner of section 24;" and immediately following a right of way is reserved over another tract to be used in common by the parties.

The evidence produced upon the trial of the physical situation and the surrounding circumstances strongly tends to show that it was the intention of the plaintiff and David C. Ormsby that the land in question should be excepted from the

grant, and the court below so found upon competent and sufficient evidence.

It is well settled by the decisions of this court that the intention of the parties governs in the construction of deeds. *Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680; *Walterman v. Norwalk,* 145 Wis. 663, 130 N. W. 479; *Williams v. Jones,* 131 Wis. 361, 111 N. W. 505. The words "excepting" and "reserving" are often used indiscriminately and interchangeably, and sometimes what purports to be a reservation has the force of an exception, the technical meaning giving way to the manifest intention of the parties. *Green Bay & M. C. Co. v. Hewitt,* 66 Wis. 461, 29 N. W. 237; *Pritchard v. Lewis,* 125 Wis. 604, 104 N. W. 989; *Fischer v. Laack,* 76 Wis. 313, 45 N. W. 104.

2. It is further insisted by counsel for appellants that the defendants acquired title to the premises in question under a written instrument. This question turns on whether the appellants held the land in question adversely for the required period. The court below found against this contention of the appellants, and after a careful examination we are satisfied that the finding is well supported by the evidence, therefore cannot be disturbed.

*By the Court.*—The judgment is affirmed.