HENRY W. NADEAU, and another,

vs.

RANSOM C. PINGREE, and another.

Aroostook.    Opinion December 1, 1898.

*Surveyor.   Logs.   Scale.*

When parties agree upon a surveyor to scale logs, they will, in the absence of fraud or mathematical mistake, be bound by his scale.

ON EXCEPTIONS BY PLAINTIFF.

The case appears in the opinion.

*P. C. Keegan,* for plaintiffs.

*L. C. Stearns,* for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, FOGLER, JJ.

FOGLER, J.   This is an action of assumpsit upon an account annexed to the writ, with a quantum valebant count.   The account sued is for 22,218 pieces of cedar containing 750,080 feet at $8 per M. amounting to $6000.64.   The plaintiffs give credit for payments made by the defendants, concerning which there is no controversy, and claim a balance due of $679.26.   The defendants admit the receipt of 20,365 pieces of cedar scaling 687,580 feet and that there was a balance of $179.16 due therefor at the date of the writ.   The cedar concerning which the controversy arises was delivered in pursuance of a written contract dated October 12, 1896, signed by the parties.   The contract, so far as material for determining the issues presented by the exceptions, is as follows:

"The said Nadeau & Mallett of the first part agree to cut, haul and deliver in a good, safe boom, at or near the mouth of The Little Black River, during the winter and spring of 1896 and 1897, a quantity of good merchantable cedar logs, say seven hundred thousand feet, more or less.  . . . .   Said cedar logs are to be scaled

by whoever may scale for stumpage whose scale shall be final and binding in settlement between parties. Said cedar logs shall be counted at time of delivery from said boom, and any shortage in count shall be deducted from scale bill according to the average scale of the whole."

The logs were scaled by F. J. Quincy who, it is admitted, was the scaler who scaled for stumpage. The scale bill, verified by the oath of the scaler in court, showed 20,365 pieces containing 687,580 feet. The plaintiffs, not offering to prove that there was fraud or mathematical mistake in the scale, offered evidence to show that a larger quantity of logs was delivered under the contract than the surveyor's scale showed, to wit: 22,218 pieces, which would make some 750,080 feet, instead of 20,365 pieces scaling 687,580 feet, a difference of 1853 pieces, scaling 62,500 feet, which at the contract price of $8 per thousand would make a difference of $500. Upon objection, the presiding justice excluded the testimony offered in proof of any greater number of logs than is shown by the scale bill of the stumpage scaler. Thereupon a verdict was rendered for the plaintiffs for the amount admitted by the defendants to be due. To the ruling of the presiding justice excluding the testimony so offered by the defendants, the defendants except.

We are of opinion that the ruling of the presiding justice was correct. It is a well settled and familiar rule of law that when parties have agreed upon a surveyor to scale logs, they will, in the absence of fraud or mathematical mistake, be bound by his scale. *Oakes* v. *Moore*, 24 Maine, 214; *Robinson* v. *Fiske*, 25 Maine, 401; *Haynes* v. *Hayward*, 41 Maine, 488; *Bailey* v. *Blanchard*, 62 Maine, 168; *Ames* v. *Vose*, 71 Maine, 17.

The clause in the written contract providing for a count of the logs at the time of delivery from the boom, does not aid the plaintiffs. Such clause provides for a deduction from the scale in case of shortage but does not authorize any addition to or increase of the scale of the surveyor.

*Exceptions overruled.*