## GRAND CROSSING LAND & IMPROVEMENT COMPANY, Respondent, v. CITY OF MOBRDGE et al., Appellants.

### (165 N. W. 988.)

(File No. 4134.    Opinion filed December 31, 1917.)

**Plats—Public Parks—"Court House Square," Reservation of, No Dedication, Effect—"Reserved," Construed—Quieting Title—Estoppel.**

Plaintiff, in platting an addition to a city, designated an area as blocks 58 and 59, said area not being separated by a street and containing no alleys, nor being subdivided into lots, the whole of said area being designated on the plat as "reserved for Court House Square," no mention being made of said two blocks in the dedication; there being in the same plat an undivided half block designated as "school square," another enlarged undivided block, containing no alleys, being designated as "public park," the dedication attached to the plat stating that it dedicated to the public use forever all streets, avenues and alleys, as shown on said plat, and also said two areas as "school square" and said "public park;" plaintiff having proceeded to sell lots in said addition and having used in connection therewith a published map similar to that on file, on the back of which map was printed a statement in effect that the tract "Public Park" and that designated as "School Square" had been dedicated to the public use and that plaintiff company had "pledged itself to dedicate a similar tract" adjoining the public park "to the County of Walworth free of

cost whenever the citizens shall vote to permanently locate the county seat at Mobridge and erect a court house thereon." In view of these facts and of the fact that no move was made by said county looking to acceptance of said court house square, but at the succeeding general election, the location of the county seat was changed—not to Mobridge but to Selby, **held**, that no unconditional donation of said blocks 58 and 59 to the public use was effected by the filing of said plat, nor would title to said area become vested in the city for the public use, under Pol. Code, Sec. 1494, in effect making the filing of a certified, acknowledged and recorded town plat a sufficient conveyance to vest title to the dedicated area in the public; it not appearing that the plaintiff intended to make an unconditional dedication **in presenti**; the word "reserved" as used in the plat not being expressive of such an intention; that when used in a deed or grant the word "reserved" means to except or withhold from the grant an estate or right in the property to be retained by grantor; the intention not to dedicate being further indicated by the express dedication of other areas mentioned, while no mention was made of the court house square; as was further indicated by the declaration concerning said square on back of the map. **Held**, further, that the defendant intervener and others who purchased lots adjacent to said "court house square," having done so with knowledge of the conditions involved, cannot invoke an estoppel in plaintiff to claim ownership of said area, on the ground that they purchased adjacent lots in reliance upon representation by plaintiff that said block had been so dedicated; and title thereto was by trial court properly quieted in plaintiff as against said city and said intervener.

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM Judge.

Action by The Grand Crossing Land & Improvement Company, a corporation, aaginst the City of Mobridge, the County of Walworth, Hans Engebretson, Jerry Brown, Jacob Pleines, and Fred C. Perman, as the Board of County Commissioners of Walworth county; C. S. Stevens, intervener; to quiet title to a certain tract designated in a town addition plat. From a judgment for plaintiff, and from an order denying a new trial, defendant city and the intervener appeal. Affirmed.

*J. E. Clayton,* and *Brown & Smith,* for Appellants.

*P. C. Morrison,* and *Julius Skaug,* for Respondent.

Appellants cited: Pol. Code, Sec. 1494; Art. 14, Ch. 15, Pol. Code; Ramstad v. Carr (N. D.) 154 N. W. 195; Atlas Lumber

Co. v. Quirk (S. D.) 135 N. W. 173; 13 Cyc. 440 B; Cole v. Minn. L. & T. Co. (N. D.) 117 N. W. 345.

Respondent cited: F. Hihn v. City of Santa Clara, 150 Pac. 62; Atlas Lbr. Co. v. Quirk, 28 S. D. 643, 135 N. W. 172; 8 R. C. L. 890; 13 Cyc. 542, Notes 51 and 52; Gaskins v. Williams, 139 S. W. 117, 35 L. R. A. (N. S.) 603; Sinclair v. Comstock, Harr. Ch. (Mich.) 404.

POLLEY, J.  This action was brought to quiet title to two city blocks in the city of Mobridge. In July, 1908, the plaintiff platted a certain tract of land upon which said blocks are situated as an addition to the city of Mobridge. A plat of said addition showing the lots and blocks therein by number was filed. From this plat it appears the S. ½ of block 48 was not subdivided into lots, and was designated on said plat as "School Square." Block 45 was twice the size of the other blocks, containing no alley, and was not subdivided into lots. This block was designated as "Public Park." Blocks 58 and 59 were not separated by a street and contained no alleys. They were not subdivided into lots, but the entire tract, consisting of both blocks, was designated on the plat as "Reserved for Courthouse Square." Attached to said plat was a dedication by plaintiff to the effect that it had dedicated to the public use forever all streets, avenues, and alleys, as shown on said plat, and "also the S. ½ of block 48 as school square and block 45 as public park." But no mention was made in the dedication of blocks 58 and 59.

Shortly after filing said plat, plaintiff proceeded to sell lots in said addition, and, for use in selling the same, prepared and published a map, similar in all respects to the plat that was filed. A large number of copies of this map was distributed throughout the community for general use. On the back of this map appeared certain printed matter relative to the said addition, and which printed matter contained the following.

"This company has dedicated a beautiful tract containing about two and one-half acres to the town of Mobridge, free of incumbrance, for a public park. It has pledged itself to dedicate a similar tract adjoining to the county of Walworth free of cost, whenever the citizens shall vote to permanently locate the county seat at Mobridge and erect a courthouse thereon. The Grand Crossing Land & Investment Company has further dedicated to

the town of Mobridge, without price, a half block of land, beautifully and centrally located, as a site for the new schoolhouse. All of these tracts are shown on the plat."

There was evidence tending to prove, and the trial court found as a fact, that at the time the intervener and others purchased the lots adjacent to said "courthouse square" they were aware of the above terms and conditions, and that they purchased said lots under and by virtue of such terms and conditions.

No move was made by the county of Walworth looking to the acceptance of said courthouse square, and upon the commencement of this action it appeared and filed an answer in which it disclaimed any right, title, or interest in or claim to the said "courthouse square," except a lien thereon for unpaid taxes.

The city of Mobridge filed an answer in which it alleged that, when plaintiff platted said addition, it intended to dedicate the said plot of ground (blocks 58 and 59) to the public use as a courthouse square, and that the same should be used for no other purpose; that plaintiff had at all times since then represented and held out to the public that it had dedicated said tract of ground to the public use, and that certain parties, relying upon said representations, had purchased lots in the vicinity of said plot of ground; that at all times since platting said addition said plot of ground had lain open to the public use without objection from plaintiff; and that, because of said acts and conduct on the part of plaintiff, it was estopped from claiming title to said ground.

The intervener, C. S. Stevens, filed a complaint in intervention which contained all the material matter set out in the answer of the city of Mobridge, and, in addition thereto, alleged that he, and others, in reliance upon the representations made by the plaintiff that said plot of ground had been dedicated to the public use, had purchased lots in said addition in the vicinity of said plot of ground, and that he would be irreparably damaged if plaintiff were allowed to use the same as private property.

At the time the plat was filed a change of the location of the county seat of Walworth county was under discussion, and at the general election of 1908 the location of the county seat was changed, not to Mobridge, however, but to the town of Selby, at which point the county has since erected a courthouse and jail at

a cost of approximately $70,000. Upon findings of fact and conclusions of law favorable to plaintiff, judgment was entered, and from such judgment and an order overruling their motion for a new trial the defendant city of Mobridge and the intervener appeal.

It is contended on behalf of the city that by the filing of the plat the respondent made an unconditional donation of the ground in question to the public use; and that, under the provisions of section 1494, Political Code, title in fee became at once vested in the city to be held in trust for the benefit of the public and that thereupon the city became the proper custodian thereof. We are not able to agree with this contention. It does not appear that the respondent intended, at the time of filing the plat, to make an unconditional dedication to take effect at once. The word "reserve," or "reserved" as it is used on the plat, is not expressive of an intention to make a present grant or donation. To reserve generally means to keep back, to retain, or to hold over for some future use. Webster's New International Dictionary. · When used in a deed or grant, the word "reserve" means to except or withhold from the grant some estate or right in the subject of the grant to be retained by the grantor. 4 Words and Phrases, pp. 333, 334. That such was the intent of the respondent in this case is indicated by the dedication attached to the plat. The respondent expressly dedicated the streets, avenues, and alleys, a plot of ground for a schoolhouse, and another plot for a public park, but made no mention of the courthouse square. Having mentioned these certain portions of the platted tract and expressly dedicated the same to the public use, the reasonable inference is that the portions not so mentioned in the dedication were not intended to be dedicated, and this conclusion finds support in the declaration on the back of the map published by the respondent, to the effect that it would dedicate the ground in question to the county of Walworth if the county seat should be located at Mobridge. The conditions upon which said dedication was to have been made having failed, no dedication ever took place; and the intervener and others who purchased lots adjacent to said "courthouse square," having purchased the same with knowledge of the conditions involved, are in no position to invoke an estoppel. They

knew, when they purchased such lots, ·that no dedication was intended unless the county seat were moved to Mobridge.

From this it necessarily follows that neither the city of Mobridge nor the intervener, Stevens, is entitled to the relief sought, and the judgment and order appealed from are affirmed.