WALTER B. SWANSON *et al.* *vs.* THOMAS J. GILLAN *et al.*

JUNE 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity brought to compel the respondents to open for general use as a foot-passageway a five-foot strip of land indicated on a replat of land in Bristol known as "Beach Terrace." After hearing on bill, answer and proof, a decree was entered dismissing the bill and the cause is before this court on appeal from said decree.

The respondent Gillan, the owner of two lots on the above plat, acquired from the corporation which originally owned and platted the land the strip now in question which he thereafter conveyed to the respondent Lark. The complainants, who are also owners of lots on this plat, contend that said strip of land was dedicated to the use of the lot owners on said plat and during the trial, over objection by respondents, they presented oral testimony to show the intent on the part of said corporation to so dedicate the land. On the plat this strip of land is marked "5 ft. Strip Reserved" and extends westerly from Beach Drive between lots No. 83 and No. 84.

The first question before us is the construction of the word "Reserved" as used on said plat. In Webster's New International Dictionary the word is defined as "something kept back or withheld, as for future use." This meaning has been recognized by courts which have construed the word "reserved" to mean that the owner does not intend a dedication. *Cleveland* v. *Bergen Bldg. Co.*, 55 Atl. (N. J.) 117; *Harris* v. *St. Helens*, 72 Ore. 377; *Grant* v. *Davenport*, 18 Iowa 179; *Grand Crossing Land Co.* v. *Mobridge*, 39 S. D. 574; *Orton* v. *Harvey*, 23 Wis. 99. In 18 C. J. at p. 100 it is stated: "Reservations of designated land marked in a plat dedicating streets, alleys, public grounds, etc. to the public is not a dedication of such land to the public, but on the contrary clearly negatives an intent to dedicate it." The intention of dedicating the land to public use is contradicted by the very use of the word "reserved." The fact that the original owner of the plat

now in question did not intend such a dedication is further shown by the deed of the land given by the corporation, without reservation, to one of the respondents.

In the course of the trial objection was made to the admission of testimony as to statements by Mr. Potter, president of the corporation which owned and developed said plat, regarding his intention to dedicate the strip in question to the general use of the lot owners. The objection to said testimony was on the ground that it tended to vary the terms of a writing.

It is well established that recorded plats are writings and that parol evidence shall not be admitted to vary the same. *Kuzoian* v. *Jaffa*, 52 R. I. 367; *Park Commissioners* v. *Taylor*, 133 Iowa 453; *Olson Land Co.* v. *Seattle*, 76 Wash. 142; *Chapman* v. *Polack*, 70 Cal. 487; *Post & Flagg* v. *Rutland Railroad Co.*, 80 Vt. 551. In *Orton* v. *Harvey*, *supra*, the court held that parol evidence to vary clear and unambiguous language used in a plat is inadmissible.

The case of *Baker* v. *Barry*, 22 R. I. 471, cited by the complainants in support of their position, is not applicable to the question raised in this case. In that case the oral evidence contradicted no positive written evidence but was received for the purpose of clarifying the rights of the parties in a space left unmarked but appearing to be part of a street or gangway.

The words "5 ft. Strip Reserved" form a clear and unambiguous statement of an intention to retain title to such strip of land by the grantor. Oral evidence was therefore inadmissible to vary the meaning of these words.

The complainants' appeal is denied and dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Russell W. Richmond*, for complainants.

*Hoyt W. Lark, Curran, Hart, Gainer & Carr*, for respondents.