W. L. HOLLAN et ux., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 15816.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 22, 1957.

Rehearing Denied Jan. 10, 1958.

Hamblen & Bobbitt and W. J. Mills, Musick, Musick & Heath and Robert H. Heath, Houston, for appellants.

J. Milton Richardson, Asst. Atty. Gen., Joe Resweber, County Atty., Harris County, Houston, for appellee, State.

Fountain, Cox, Gaines & Fox, Joyce Cox and Wm. Brantly Harris, Houston, for appellee, Seabrook Land Co.

BOYD, Justice.

This is a suit by appellees Seabrook Land Company and the State of Texas against appellants W. L. Hollan and wife, Daisy Hollan, in trespass to try title for the recovery of property known as "Company's Reservation" and the bed of Clear Creek, and for an injunction requiring appellants to vacate piers and buildings maintained by them on the property in controversy. There was a jury, but at the conclusion of the evidence the court, upon motion by appellees, withdrew the case

from the jury and rendered judgment for appellees.

The townsite of Seabrook was first subdivided in 1895 by Seabrook Town Lot & Improvement Company. The area between the lots and the blocks of the townsite and the waters of Clear Creek and Galveston Bay was designated as "Reservation." With the exception of some lots theretofore sold, the townsite was conveyed by the Improvement Company to Ben Campbell, who conveyed to Seabrook Land Company. Seabrook filed a second plat or resubdivision in February, 1903, and all subsequent sales of lots, including Lots 4, 5, 6, and 7, of Block 167, now owned by appellants, referred to this second plat for description. It was shown that the location of lots, blocks, and streets adjacent to the reservation area is the same on both plats.

The area designated as "Reservation" in the first plat is in the second plat designated "Company's Reservation." It is stated in the resubdivision that Seabrook is "reserving to its self or its successors, the fee to said streets and alleys, and all rights therein except the use of same by public as herein set forth, and this dedication is made with these express reservations.

"The said Co. also reserves to its self and exclusive use and rights to that portion of the land marked on this plot as companys Reservation." This Reservation is an unenclosed area.

Appellants occupy a pier and two buildings on the land in controversy and on the bank of Clear Creek, a navigable stream.

Appellants alleged that the "Company's Reservation" was in fact a public passageway and street; that appellants and the public had an easement sixty feet wide along the north bank of Clear Creek and extending to the property of appellants; that this easement had been acquired by prescription, and alternatively, by implied dedication; that there is an easement of passage in favor of appellants and other lot owners by prescription, and alternatively, by implied dedication.

By their first six points of error appellants complain of the court's refusal to submit issues concerning the existence of the easements, and its failure to find that the easements exist. The seventh point is that the public is the owner of the riparian rights because the roadway acquired by prescription runs along and parallel to the bank of Clear Creek, and it was error to render judgment for appellees and to award a writ of possession covering the upland and the submerged lands. By another point it is contended that the State had vested in Harris County Houston Ship Channel Navigation District title to the soil below the tidal boundaries of Clear Creek.

Appellees contend that as a matter of law no easements existed and that the evidence was insufficient to carry that issue to the jury; that if such easements do exist, that fact would not affect the riparian rights of the fee owner of the upland and would not give a right to any member of the public or to appellants to take permanent and exclusive possession of any part of the shore line or bed of Clear Creek.

■ In our opinion, the evidence failed to raise an issue as to whether the public or appellants acquired an easement by prescription. To establish such easement, the user must be adverse and exclusive. 15–B Tex.Jur., p. 291, sec. 29; Sassman v. Collins, 53 Tex.Civ.App. 71, 15 S.W. 337, writ refused; City of Houston v. Roberson, Tex.Civ.App., 195 S.W.2d 674; City of Gilmer v. Moyer, Tex.Civ.App., 181 S. W.2d 1008; Gill v. Pringle, Tex.Civ.App., 224 S.W.2d 525; Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842.

■ It was shown that Seabrook had executed 42 leases covering parts of the Reservation, and had recovered judgment against several of its lessees who had made some adverse claim. With the exception

of appellants' occupancy of the structures, the use made of the area by them and by the public was in common with Seabrook and its tenants. No claim of right, inconsistent with the rights of Seabrook and its tenants, is shown to have been asserted. Such use as was shown of the unenclosed lands is not considered hostile and adverse to the owner. Millmen Union v. Missouri-Kansas-Texas R. Co., Tex.Civ.App., 253 S.W.2d 450; Sassman v. Collins, supra.

■ Nor do we think that there was any evidence of an implied dedication. No act of the owner was shown which evidenced an intent to dedicate. Moreover, a reservation is the exact opposite of a dedication. Shields v. Harris County, Tex. Civ.App., 248 S.W.2d 510; City of Brownsville v. West, Tex.Civ.App., 149 S.W.2d 1034; Swanson v. Gillan, 54 R.I. 382, 173 A. 122; Grand Crossing Land & Improvement Co. v. City of Mobridge, 39 S.D. 574, 165 N.W. 988.

■ But even if appellants and the public have easements over the area, or if those issues were raised, we do not think the court erred in rendering judgment for appellees. Where a plaintiff shows title to the land in himself, and the defendant shows title to an easement, the plaintiff may recover the title and possession subject to the defendant's right to enjoy the easement. Therefore, the existence of an easement of passage would not be a defense to appellees' suit. 15–B Tex.Jur., p. 253, sec. 4; Green v. City of San Antonio, Tex.Civ.App., 282 S.W.2d 769; Cocke v. Texas & N. O. R. Co., 46 Tex.Civ.App. 363, 103 S.W. 407, writ refused; Hays v. Texas & P. Ry. Co., 62 Tex. 397; Rio Grande & E. P. R. Co. v. Kinkel, Tex.Civ. App., 158 S.W. 214; 41–A Tex.Jur., p. 737, sec. 188; Cooper v. Smith, 9 Serg. & R., Pa., 26, 11 Am.Dec. 658.

The judgment expressly provided that nothing therein should be construed as preventing appellants from using any portion of the upland as a passageway not used exclusively by Seabrook and its tenants.

■ It seems to be settled that an easement of passage does not carry with it title to the servient estate. 41–A Tex.Jur., p. 737, sec. 188; Hays v. Texas & P. Ry. Co., 62 Tex. 397. It is equally clear that the riparian rights of the owner of the fee includes free access to the water and the right to have removed any structures used by others which impede or hamper those rights. 24 A.L.R., Annotation at page 1273. "The riparian or littoral proprietor's right of access attaches equally to the whole and every part of his shore line, and no one has the right to fetter or impair his enjoyment of his property by compelling him to go upon it only at certain points. His right of access is invaded by a structure in front of a portion of his property notwithstanding he has access to the water from the portion not obstructed." 56 Am.Jur., p. 677, sec. 216. See, also, Tiffany v. Town of Oyster Bay, 234 N.Y. 15, 136 N.E. 224, 24 A.L.R. 1267.

Appellants' contention that Harris County Houston Ship Channel Navigation District is the owner of the bed of Clear Creek is based upon the provisions of Chapter 292, page 437, Acts of the 40th Legislature, Regular Session. By that Act, the Legislature undertook to grant "all right, title and interest of the State of Texas, to all lands hereinafter in this section described, * * * to the Harris County Houston Ship Channel Navigation District, or its successors, for public purposes and for the development of commerce only * * *." There is a provision that "inasmuch as it is the purpose of this Act to grant said lands to the public agency which is developing the Port of Houston," should other public agency be created for that purpose and which should supersede the Navigation District in developing the Port, then the Navigation District shall transfer the title to such lands to such other agency. By another provision, the use of the lands is restricted solely to the "establishment, improvement and conduct of an harbor and for the construction, maintenance and operation thereon of any facilities or aids

whatsoever to the same, and said navigation district, or its successors, shall not at any time, grant, convey, give or alien said lands or any part thereof, to any individual, firm or corporation for any purpose whatsoever; * * *." Clear Creek appears to be a boundary line of the Navigation District.

■ Although the State may dispose of the title to the soil under navigable waters, there is a presumption that any conveyance by the State does not separate the ownership of the soil from the sovereignty, and the grant will be strictly construed against the grantee. 44 Tex.Jur., p. 134, sec. 107; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065; State v. Grubstake Inv. Ass'n, 117 Tex. 53, 297 S.W. 202; Commonwealth of Massachusetts v. State of New York, 271 U.S. 65, 46 S.Ct. 357, 361, 70 L.Ed. 838.

"The dominion over navigable waters, and property in the soil under them, are so identified with the exercise of the sovereign powers of government that a presumption against their separation from sovereignty must be indulged, in construing all grants by the sovereign, of lands to be held in private ownership. * * * Such grants are peculiarly subject to the rule, applicable generally, that all grants by or to a sovereign government as distinguished from private grants, must be construed so as to diminish the public rights of the sovereign only so far as is made necessary by an unavoidable construction." Commonwealth of Massachusetts v. State of New York, supra.

■ Any statute must be construed so as to give effect to the Legislative intent. In arriving at that intent, we must consider the end to be attained, the mischief to be remedied, and the purposes to be accomplished. Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929. Taking into consideration the narrow public purpose of the grant together with the severe limitations as to its use and further alienation, we do not think we are compelled, "by an unavoidable construction," to hold that the State intended to diminish the rights of sovereignty to any extent not necessary to the accomplishment of the purpose of the grant.

■ Indeed, appellants say that, without waiving any point with reference to the ownership of the creek bed by the Navigation District, "For the purposes of this brief, we state that title to the shore line and creek bed are in the State of Texas, because it would make no difference whether the state divested itself of title to the creek bed or not, as heretofore contended by Appellants in this brief, because the public would still have the right to the use of the waters and shore." We do not think the court would have been justified in denying recovery to the State on the ground that by the grant to the Navigation District it divested itself of title to the soil under Clear Creek.

The last four points are briefed together, and they are in substance that there was no evidence fixing the boundary line between the high tide mark and the Reservation; that the lands lying between high tide and mean low tide constitute the shore and are owned by the State as trustee for the public; and that appellants had the right to maintain the houses and pier on the shore in the bed of the stream, as such structures do not interfere with navigation or with the rights of the public to enjoy the waters and the shore.

■ Appellants say that since the original grant was a civil grant before the State adopted the common law, Seabrook owned only to the high tide mark, which line was not established by the evidence, and that Seabrook was awarded a recovery to the "mean low water mark." They cite State v. Balli, 144 Tex. 195, 190 S.W.2d 71, and other authorities as supporting the view that the State's title extends to the high tide mark. Generally, in trespass to try title the evidence must show the boundary line of the property claimed by the plain-

tiff. But here we have two plaintiffs whose lands join. If they are not interested in settling the exact line between their properties, it is difficult to see how a defendant could complain. Cocke v. Texas & N. O. R. Co., 46 Tex.Civ.App. 363, 103 S.W. 407. We think, too, that Seabrook's recovery extended only to the high tide mark, it being recited in the judgment that the lands awarded to it extend to "a point on the line of high tide of Clear Creek; Thence along the said line of high tide * * *."

Appellants are not enjoined from using the disputed area in common with other members of the public. What we have already said makes it unnecessary to discuss the other points. They are overruled.

The judgment is affirmed.