

# The Attorney General of Texas

June 5, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P O Box 12548
Austin TX 78711
512/475-2501

701 Commerce Suite 200
Dallas, TX 75202
214 742-8944

4824 Alberta Ave. Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock TX 79401
806/747-5238

4313 N Tenth, Suite F
McAllen TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ben F. McDonald, Jr.
Executive Director
Texas Department of Community Affairs
Box 13166, Capitol Station
Austin, Texas 78711

Opinion No. H- 1173

Re: Whether article 6252-11c, V.T.C.S., applies to audits.

Dear Mr. McDonald:

You ask whether a contract by the Texas Department of Community Affairs with an accounting firm for auditing local entities receiving federal funds is subject to the requirements of article 6252-11c. Article 6252-11c, enacted by the 65th Legislature, governs the employment of private consultants by State agencies. Acts 1977, 65th Leg., ch. 454, at 1185. It authorizes the use of private consultants only when there is a substantial need for consulting services that agency personnel cannot perform. Sec. 3. Before an agency can enter a contract for consulting services valued in excess of $10,000 it must publicly invite offers of the proposed services. Sec. 6. The act defines "consulting service" as follows:

> the practice of studying an existing or a proposed operation or project of an agency and advising the agency with regard to the operation or project.

Sec. 1 (1). "Private consultant" is defined as "an entity that performs consulting services." V.T.C.S. art. 6252-11c, § 1 (2).

The answer to your question thus depends on whether an audit constitutes a "consulting service" within the definition in section 1 (1). This definition is phrased in general terms. In determining its scope, we may consider the legislative history of article 6252-11c. See Texas & N. O. R. Co. v. Railroad Commission, 200 S.W.2d 626 (Tex. 1947). Legislative debates and committee reports may be considered. National Carloading Corp. v. Phoenix-El Paso Express, Inc., 178 S.W.2d 133 (Tex. Civ. App. — El Paso), aff'd, 176 S.W.2d 564 (Tex. 1943), cert. denied, 322 U.S. 747 (1949) (federal statute). In addition, the statute must be interpreted in light of the purpose sought to be accomplished. Hollan v. State, 308 S.W.2d 122 (Tex. Civ. App. — Fort Worth 1947, writ ref'd n.r.e.).

The legislative history of article 6252-llc indicates that it was directed at management consultants. The sponsor of the bill, stated that it referred to the management survey that determines whether an agency's programs were good or bad. Tape recording of public hearing of Senate State Affairs Committee, March 9, 1977, filed in Senate Staff Services Office. He also noted that it concerned management and efficiency consultants. The bill was recommended by the Joint Advisory Committee on Government Operations established by the 64th Legislature. V.T.C.S. art. 4413 (32e); see Joint Advisory Committee on Government Operations, Legislative Proposals 6 (January 1977). The Committee's final report notes that State agencies enter into contracts for management consulting services for a variety of projects. Joint Advisory Committee on Government Operations, Final Report to the Governor 15-17 (January 1977). Many of the studies appeared to be directed at management improvement. The Committee recommended legislation "that outlines state policy on the utilization of private management consulting firms by state agencies and prescribes procedures for the selection of management consultants." Final Report to the Governor, Recommendation 4.

In view of the legislative history of article 6252-llc, we believe that its definition of "consulting services" refers to management or program consulting. The dictionary defines "management consultant" in terms similar to the statutory definition:

> management consultant ... one that advises business or industrial firms in the conduct of their affairs and in devising and installing more satisfactory procedures for their use.

Webster's Third International Dictionary at 1372. In our opinion, neither the dictionary definition of management consultant nor the statutory definition of private consultant includes a person employed to perform the routine work necessary to the functioning of an agency's programs, even though his work may involve studying the agency's records. The consultant renders opinions on the value of an agency's projects and the efficiency in achieving its goals.

An audit has been defined as a formal examination and verification of the books of account by an auditor. May v. Wilcox Furniture Downtown, Inc., 450 S.W.2d 734 (Tex. Civ. App. — Corpus Christi 1969, writ ref'd n.r.e.). In our opinion, the typical audit, which tests the accuracy of financial records, is not a consulting service subject to article 6252-llc. Moreover, it is highly unlikely that this legislation was designed to control the use of outside auditors by State agencies. A provision which has appeared in each appropriations act for many years forbids the expenditure of appropriated funds on outside audits except in narrow circumstances. See, e.g., General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. V, S 30, at 3157; Appropriations-Executive and Administrative Departments, Acts

1941, 47th Leg., ch. 571, § 2(16) at 1292. See also Attorney General Opinion H-1063 (1977). Thus, the determination that routine audits are not subject to article 6252-11c would not conflict with the Legislature's purpose in approving it.

The Department of Community Affairs administers many federally funded contracts with local entities. The federal grant requires audits of local contractors, and the Department has provided these by contracting with private accounting firms. In our opinion, these contracts are not subject to the requirements of article 6252-11c. You inform us that the Legislative Budget Board which must be notified of any agency's employment of a private consultant, see V.T.C.S. art. 6252-11c, §§ 4, 5, has also reached the same conclusion with regard to auditing services. We note, however, that the statute provides no blanket exception for accountants, as it does for engineers, architects, and legal counsel. Sec. 2. Thus, a contract with an accountant would be subject to the act if it involved management or program consulting services, for example, a study which evaluated accounting procedures in order to recommend improvements.

You suggest that article 6252-11c, if applicable to contracts with accountants, would conflict with article 664-4, which provides that State agencies shall not select accountants on the basis of competitive bidding. In our opinion, the two statutes are not in conflict. Article 6252-11c does not require that contracts for consulting services be let on competitive bids. It does require the agency to publicize its intent to enter into a consulting contract valued in excess of $10,000, so that private consultants may offer to perform the required services. Both statutes require that selection be based on competence, qualifications, and reasonableness of fee. V.T.C.S. art. 664-4, § 3; V.T.C.S. art. 6252-11c, § 3(b).

## SUMMARY

The Department of Community Services may employ a private accountant to audit recipients of federal grant funds without complying with the requirements of article 6252-11c, V.T.C.S. Article 664-4, V.T.C.S., and article 6252-11c are not in conflict.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn